# STEPHEN EUGENE GERALD v. STATE OF MARYLAND

[No. 1651, September Term, 1982.]

*Decided July 14, 1983.*

The cause was submitted on briefs to GARRITY, ADKINS and ALPERT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Gary W. Christopher, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Richard B. Rosenblatt, Assistant Attorney General, Kurt L. Schmoke, State's Attorney for Baltimore City,* and *Gary*

*Schenker, Assistant State's Attorney for Baltimore City,* for appellee.

ALPERT, J., delivered the opinion of the Court.

Stephen Eugene Gerald, the appellant, was convicted by a jury in the Criminal Court of Baltimore of common law assault and was sentenced to fifteen years imprisonment. He filed a Motion to Correct an Illegal Sentence, which was denied, and on appeal questions the propriety of that denial.

Appellant's argument is bottomed upon the fact that, in addition to assault, he was also charged, *inter alia,* with robbery with a dangerous and deadly weapon and robbery, which carry maximum sentences of 20 and 10 years respectively. *See,* Md. Ann. Code art. 27 §§486, 488. He claims that had he been convicted on the robbery count, the assault conviction would have merged into the robbery count as a lesser included offense. *See, Beard v. State,* 42 Md. App. 276, 399 A.2d 1383 (1979). Inasmuch as the maximum sentence for robbery is 10 years imprisonment, he claims, citing *Simms v. State,* 288 Md. 712, 421 A.2d 957 (1980) and *Walker v. State,* 53 Md. App. 171, 452 A.2d 1234 (1982) that "the court had no power to impose a sentence on the assault conviction greater than the maximum sentence permitted upon conviction of simple robbery."

In denying (by way of a letter) appellant's motion, the trial judge found:

> Having considered the Motion to Correct the Illegal Sentence, filed by counsel, and the points and authorities therein cited, I do not believe the sentence I imposed to be illegal under *Simms v. State,* 288 Md. 712 (1980), *as the greater charge was robbery with a dangerous and deadly weapon carrying a maximum sentence of twenty years.* (emphasis supplied).

Thus, the issue boils down to whether the greater (robbery) or greatest (robbery with a dangerous and deadly

weapon) possible offense for which appellant had been tried and into which his assault conviction would have merged should have been considered in determining the maximum permissible sentence.[1] We hold that the trial judge did not err in imposing a fifteen year sentence and accordingly shall affirm the judgment of the lower court.

*Simms, supra,* involved two defendants who were tried for assault with intent to rob, carrying a ten year maximum sentence, and common law assault, for which no maximum penalty is proscribed other than a constitutional prohibition against cruel and unusual punishment. The two charges were based upon the same acts. While acquitted on the assault with intent to rob charge, they were convicted of assault and sentenced to twelve years imprisonment. The Court of Appeals held that:

> [W]hen a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge, he may not receive a sentence for that conviction which exceeds the maximum sentence which could have been imposed had he been convicted of the greater charge.

*Simms, supra,* 288 Md. at 724, 421 A.2d at 964.

Underlying the Court's decision in *Simms* was a concern that the defendant not receive a sentence greater than that which he should have anticipated receiving had the prosecution been wholly successful. In relevant part the Court reasoned:

---

1. The State has argued, citing Maryland Rule 1026, that the absence in the record of a trial transcript to indicate whether the assault and battery conviction was based on the same conduct that formed the basis of the armed robbery charge should preclude our review. However, the indictment and remainder of the record make apparent that the same conduct did in fact give rise to the multiple count indictment against appellant.

To uphold the twelve year sentences under these circumstances would be to sanction an extreme anomaly in the criminal law. It would permit a defendant to be punished more severely because of an acquittal on a charge. He would have fared better if he were less successful or had pled guilty to the greater charge of assault with intent to rob. . . .

Furthermore, Simms and Thomas each received something more severe than the maximum for which he was prosecuted. When the State decided to charge assault with intent to rob as well as simple assault based on the same acts, and to proceed to trial on both charges, the State was, as a matter of legal necessity under *Johnson v. State, supra,* 283 Md. at 203-204, seeking a conviction carrying a maximum possible sentence of ten years' imprisonment. This is illustrated by the prosecuting attorney's remarks in *Simms* that the State was not interested in the simple assault count and that "the case was either assault with intent to rob or nothing." Simms and Thomas were defending against a prosecution seeking a conviction carrying a ten year maximum. If they had been defending against a prosecution carrying a risk of a much greater sentence, their tactics might well have been different. Under these circumstances, it is unfair to permit the State to exact a more severe and unanticipated penalty than that which could have been imposed if the prosecution had been wholly successful.

288 Md. at 723-24, 421 A.2d at 963-64. *Accord, Walker v. State, supra.*

In the instant appeal, appellant was actually tried (and jeopardy attached) for robbery with a dangerous and deadly weapon. Clearly then, this was the "flagship crime." *Walker v. State, supra,* 53 Md. App. at 189, 452 A.2d at 1244. He thus had reason to anticipate that the maximum sentence

which he might receive had the prosecution been wholly successful would be twenty years imprisonment. His assault conviction would have merged with both the robbery and robbery with a dangerous and deadly weapon charges had he been convicted of those offenses. Accordingly, when analyzing a situation similar to that presented here, the trial court properly looked at the penalty for the greatest possible charge into which appellant's assault conviction would have merged. Inasmuch as the maximum penalty which may have been imposed had the prosecution been wholly successful was twenty years imprisonment, appellant's fifteen year sentence was not illegal.

The trial on the robbery with a dangerous and deadly weapon charge thus placed a *twenty year* "cap" on the maximum sentence for appellant's assault conviction.[2] *Simms* involved only one greater included offense, and therefore looked only to the penalty of the one "greater" offense. Had the defendants in *Simms* been tried for more than one greater included offense, we believe that following its reasoning, the Court of Appeals would have also looked, as we do today, to the "greatest" offense for which the defendant was charged. Implicitly this is what the trial judge did when he found that "the greater charge was robbery with a dangerous and deadly weapon." There was no error committed in the denial of appellant's motion to correct an illegal sentence.

> *Judgment affirmed; appellant to pay the costs.*

---

**2.** Ordinarily, as a common law crime, the penalties which may be imposed for an assault conviction are vested in the sound discretion of the trial judge subject only to the constitutional prohibition against cruel and unusual punishment. However, in this case, as in Simms, the prosecution has imposed sentencing limitations upon itself by charging two offenses which can be deemed "the same offense" within the contemplation of double jeopardy language. As such, these limitations carve out an exception to the general rule concerning sentencing for common law crimes. Our holding today is not meant in any way to upset the general rule nor indicate a view that a fifteen year sentence for assault operates as a cap for all assault convictions. As Judge Moylan observed in Walker, "The constitutionality of the length of a sentence cannot be resolved in the abstract, but depends upon the unique facts of each case." 53 Md. App. at 183.