472 A.2d 977

Stephen Eugene GERALD

v.

STATE of Maryland.

No. 112, Sept. Term, 1983.

Court of Appeals of Maryland.

April 3, 1984.

Gary W. Christopher, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY, COUCH, JJ., and CHARLES E. ORTH, Jr., Retired, Specially Assigned Judge.

CHARLES E. ORTH, Jr., Retired, Specially Assigned Judge.

The issue in this case arises because in Maryland assault is a common law crime for which there is no statutory penalty. Therefore, the only limitation upon the length of a term of imprisonment which may be imposed upon a conviction of that crime is, ordinarily, the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution and in Articles 16 and 25 of the Declaration of Rights, Constitution of Maryland. *Simms v. State*, 288 Md. 712, 714, 421 A.2d 957 (1980) and cases therein cited. On the other hand, the Legislature has prescribed a maximum penalty of 20 years imprisonment for armed robbery, Md.Code (1957, 1982 Repl.Vol.) Art. 27, § 488, and a maximum penalty of 10 years imprisonment for robbery, § 486.

I

An indictment handed up by the Grand Jury to the Circuit Court for Baltimore City (then the Criminal Court of Baltimore) presented, among other charges, that Stephen (sometimes known as Stephon) Eugene Gerald had committed armed robbery, robbery, and assault and battery. A jury acquitted Gerald of the two robbery charges and found him guilty only on the assault charge. A sentence of 15 years

was imposed. Gerald did not pursue an appeal from the judgment entered upon the conviction and sentence. He did, however, seek the correction of what he claimed was the illegal sentence.[1] Md.Rule 774 a. The trial judge, without a hearing, denied the motion to correct an illegal sentence. Gerald noted an appeal from the denial. *See, State ex rel. Sonner v. Shearin,* 272 Md. 502, 520–526, 325 A.2d 573 (1974); *Roberts v. Warden,* 206 Md. 246, 255, 111 A.2d 597 (1955). The Court of Special Appeals affirmed the judgment. *Gerald v. State,* 55 Md.App. 483, 462 A.2d 85 (1983). Gerald filed a petition for a writ of certiorari which presented the question: "Did the Court of Special Appeals err in holding that the trial court properly denied Petitioner's motion to correct an illegal sentence?" We granted the petition and a writ of certiorari was issued on our order.

## II

We first note that the three crimes involved here arose out of the same incident. Since all the elements of simple assault are present in the offense of robbery and all the elements of both the offenses of simple assault and of robbery are present in the offense of armed robbery, the three offenses, based on the same conduct of Gerald, are deemed the same for merger and double jeopardy purposes under the required evidence test, which is the general standard in Maryland governing the merger of offenses. *Simms,* 288 Md. at 718, 421 A.2d 957; *Brooks v. State,* 284 Md. 416, 419–422, 397 A.2d 596 (1979); *Johnson v. State,* 283 Md. 196, 203, 388 A.2d 926 (1978); *Newton v. State,* 280 Md. 260, 268, 373 A.2d 262 (1977). In other words, robbery is a lesser included offense of armed robbery. Simple assault is a lesser included offense of both robbery and armed robbery. Like a little fish being eaten by a bigger fish which in turn

---

1. Gerald also filed numerous documents seeking a review and reduction of the sentence. A review panel ordered that the sentence remain unchanged, Md.Rule 773, and the trial judge refused to reduce it, Md.Rule 774.

is eaten by a yet bigger fish, simple assault is swallowed by robbery which then is swallowed by armed robbery. Therefore, had Gerald been *convicted* of armed robbery, the offenses of robbery and assault would have merged into the armed robbery, and he could have been sentenced only on the armed robbery conviction. Had he been *acquitted* on the armed robbery offense but *convicted* on the robbery offense, he could have been sentenced only on the robbery conviction. That is, upon *conviction* of a greater offense, a separate sentence may not be imposed on any lesser included offense. Of course, when a defendant 'is *acquitted* on both armed robbery and robbery, and stands convicted on a simple assault offense, he is to be sentenced on the simple assault conviction. Since there is no statutory prescription regarding the sentence for committing simple assault, the question is whether, in such circumstances, there is any limitation on the sentence that may be imposed except that arising from the constitutional prohibitions against cruel and unusual punishment. In *Simms v. State,* 288 Md. 712, 421 A.2d 957, we found that there was such a limitation in the Maryland common law.

### III

*Simms* involved two offenses, a greater offense, assault with intent to rob, of which the defendant was *acquitted,* and *one* lesser included offense, simple assault, of which he was convicted. Although the maximum sentence for assault with intent to rob was 10 years, a sentence of 12 years was imposed on the assault conviction. We held that

> "when a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge, he may not receive a sentence for that conviction which exceeds the maximum sentence which could have been

imposed had he been convicted of the greater charge." [2] 288 Md. at 724, 421 A.2d 957.

Our holding resolved the extreme anomaly in the criminal law which would have arisen had the 12 year sentence been upheld. To approve the 12 year sentence "would permit a defendant to be punished more severely because of an acquittal on a charge. He would have fared better if he had been less successful ..." and had been convicted of the greater charge. *Simms,* 288 Md. at 723–724, 421 A.2d 957. Also, and perhaps of even more importance, approval of the harsher punishment would put a price on pleading not guilty, for had a plea of guilty to the greater offense been entered, the sentence would have been limited to 10 years. " '[A] price may not be exacted nor a penalty imposed for' pleading not guilty." *Simms* at 724, 421 A.2d 957, *quoting Johnson v. State,* 274 Md. 536, 543, 336 A.2d 113 (1975). Furthermore, we observed in *Simms,*

"[w]hen the State decided to charge assault with intent to rob as well as simple assault based on the same acts, and to proceed to trial on both charges, the State was, as a matter of legal necessity ... seeking a conviction carrying a maximum possible sentence of ten years' imprisonment .... If [Simms] had been defending against a prosecution carrying a risk of a much greater sentence, [his] tactics might well have been different. Under these circumstances, it is unfair to permit the State to exact a more severe and unanticipated penalty than that which could have been imposed if the prosecution had been wholly successful." *Id.* at 724, 421 A.2d 957.

---

**2.** We were careful to point out that our holding was based on Maryland common law and was not grounded on the Eighth Amendment to the federal Constitution or the Maryland Declaration of Rights. *Simms v. State,* 288 Md. 712, 725, 421 A.2d 957 (1980).

We also expressly rejected the broad constitutional view that even when the greater offense is not charged, punishment for the lesser can never exceed the maximum prescribed for the greater. *Id.* at 725–726, 421 A.2d 957.

So it is that the answer to the question presented on this appeal turns on the application of the teachings of *Simms* to Gerald's situation. To recap, Gerald went to trial on charges which included armed robbery, robbery, and simple assault, arising from the same conduct. He was acquitted of armed robbery, for which a maximum sentence of 20 years is authorized, and of robbery, for which a maximum sentence of 10 years is authorized, and convicted only of simple assault, for which there is no statutory penalty. Simple assault is a lesser included offense of the two aggravated assaults, and robbery is a lesser included offense of armed robbery. As the Court of Special Appeals put it, armed robbery is the "greatest" offense of the three. 55 Md.App. at 484–485 and 487, 462 A.2d 85. Gerald was sentenced to imprisonment for a term of 15 years, which was less than the maximum authorized for armed robbery but exceeded the maximum authorized for robbery.

When the trial judge denied the motion to correct an illegal sentence, he declared in a letter to the Public Defender and Gerald that he believed that the sentence imposed was not illegal under *Simms* "as the greater charge was robbery with a dangerous and deadly weapon carrying a maximum sentence of 20 years. . . ." The Court of Special Appeals defined the issue to be "whether the greater (robbery) or greatest (robbery with a dangerous and deadly weapon) possible offense for which [Gerald] had been tried and into which his assault conviction would have merged should have been considered in determining the maximum permissible sentence [on the assault conviction]." *Gerald,* 55 Md.App. at 484–485, 462 A.2d 85. It chose the "greatest crime." *Id.* at 487, 462 A.2d 85. It agreed with the trial court that under *Simms* the "cap" on the assault sentence was 20 years, the maximum sentence authorized upon conviction of armed robbery, rather than 10 years, the maximum sentence authorized upon conviction of robbery. In other words, the intermediate appellate court looked to the "greatest" offense for which Gerald was tried as the "flag-

ship crime" which set the limit for the assault sentence.[3] It held that "[t]here was no error committed in the denial of [Gerald's] motion to correct an illegal sentence." 55 Md. App. at 487, 462 A.2d 85.

The Court of Special Appeals stated: "Had the defendants in *Simms* been tried for more than one greater included offense, we believe that following its reasoning, the Court of Appeals would have also looked, as we do today, to the 'greatest' offense for which the defendant was charged." *Id.* The belief of the Court of Special Appeals was ill-founded. It, as did the trial court, misread *Simms*. All of the reasons set out to support the holding in *Simms* apply with equal force to the case at hand and lead inescapably to the determination that the "cap" on the punishment for assault, in the circumstances here, is governed by the robbery offense and not the armed robbery offense. The conclusion reached by the Court of Special Appeals presents the same "extreme anomaly" which *Simms* put to rest. Had Gerald been only partially successful in his defense against the aggravated assaults, and had he been convicted, rather than acquitted, of the robbery, the maximum possible sentence he could have received would have been 10 years. Thus, by convincing the jury that he had not committed a robbery at all, either with or without a weapon, he was subject, under the reasoning of the intermediate appellate court, to a harsher sentence than if he had been convicted of robbery.

Moreover, the conclusion reached by the Court of Special Appeals would put a price on pleading not guilty. A defendant charged with a crime has the absolute right to stand before his peers, or a judge, if he elects a trial by the court, cloaked in the presumption of innocence, and it is the

---

**3.** The Court of Special Appeals cites its opinion in *Walker v. State,* 53 Md.App. 171, 189, 452 A.2d 1234 (1982), *cert. denied,* 296 Md. 63 (1983) as authority for its assertion that "clearly" robbery with a deadly weapon was the "flagship crime." *Gerald v. State,* 55 Md. App. 483, 486, 462 A.2d 85 (1983). As we read Walker it did not expressly consider the situation here, where there are three offenses involved.

obligation of the State to prove him guilty beyond a reasonable doubt by competent evidence. Although no unfavorable consequences would attach to a plea of not guilty to armed robbery entered by Gerald, he would certainly be deterred from pleading not guilty to robbery when he would be subject to a longer term of imprisonment if he prevailed in his claim of innocence than if he were convicted of that crime. Certainly, he would give serious consideration, at least, to pleading guilty to robbery, thus limiting the possible sentence to a maximum of ten years.

Further, when the State placed Gerald in jeopardy on both the armed robbery and robbery charges, it was seeking a prosecution not only on a charge carrying a maximum possible sentence of 20 years, but, in the alternative, a charge carrying a maximum possible sentence of only 10 years. *See Johnson v. State,* 283 Md. at 203–204, 388 A.2d 926. Had it believed that Gerald's conduct was so atrocious as to warrant a sentence subject only to constitutional limitations, it could have gone to trial only on the simple assault charge, *see, Simms,* 288 Md. at 726–727, 421 A.2d 957, or, if it thought that justice would be served by a possible maximum sentence of 20 years, it could have proceeded on the armed robbery and assault charges. Of course, in such event, the prosecution would have to enter a *nolle prosequi* before jeopardy attached with respect to the charges it did not wish to pursue. But by putting Gerald to trial on both aggravated assaults, the prosecution indicated its acquiescence to a possible maximum sentence of 10 years. Under such circumstances, it is unfair to permit the State to exact a more severe and unanticipated penalty than that which could have been imposed if the prosecution, even though not able to prove armed robbery, had been successful in proving robbery. *See Simms* at 724, 421 A.2d 957. The short of it is that the "flagship crime" governing the sentence to be imposed in the case *sub judice* was the robbery and not the armed robbery. The maximum possible sentence that could be imposed on Gerald's conviction of assault was, therefore,

10 years, and the sentence of 15 years which was imposed was illegal.

We hold that the Court of Special Appeals erred in holding that "[t]here was no error committed in the denial of [Gerald's] motion to correct an illegal sentence." *Gerald*, 55 Md.App. at 487, 462 A.2d 85. The case must be remanded for resentencing, but in no event can the sentence exceed 10 years' imprisonment.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY EXCEPT AS TO THE SENTENCE IMPOSED, AND TO VACATE THE SENTENCE AND REMAND THE CASE FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.