528 A.2d 1279

**STATE of Maryland**

v.

**Derrik O. HOLMES.**

**No. 12, Sept. Term, 1986.**

Court of Appeals of Maryland.

Aug. 3, 1987.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellant.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE,

COLE, RODOWSKY, COUCH *, McAULIFFE and
MARVIN H. SMITH (retired, specially assigned), JJ.

COLE, Judge.

In this appeal we must determine whether the trial court erred in sentencing Derrik Holmes to life imprisonment with all but thirty-five years suspended for his conviction of attempted murder in the first degree. This question turns in significant part upon whether the offenses of assault with intent to murder and attempted murder in the first degree are the "same" offense for purposes of the Maryland common law prohibition against multiple punishment for the "same" offense. We conclude that they are not.

Holmes was charged in the Circuit Court for Prince George's County with assault with intent to murder and attempted murder, among other charges. At trial, after the close of the evidence, the State entered a *nolle prosequi* as to several of Holmes's charges, including that of assault with intent to murder. The judge instructed the jury on the remaining charges, including attempted first degree murder and attempted second degree murder. The jury found Holmes guilty of attempted murder in the first degree, and all other charges except attempted murder in the second degree. The trial judge sentenced Holmes to life imprisonment with all but thirty-five years suspended for his attempted first degree murder conviction.

Holmes challenged his convictions and life sentence on appeal to the Court of Special Appeals. The intermediate appellate court held that the trial court erred in sentencing Holmes to life imprisonment for his attempted murder conviction. *Holmes v. State*, 65 Md.App. 428, 501 A.2d 76 (1985). In reaching its decision, the Court of Special Appeals relied on our decision in *Hardy v. State*, 301 Md. 124,

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

482 A.2d 474 (1984) for the proposition that "assault with intent to murder is the same as attempted murder except assault with intent to murder requires a greater degree of proximity." *Holmes v. State*, 65 Md.App. at 441, 501 A.2d at 82. Thus, the intermediate appellate court concluded, attempted murder is a lesser included offense of assault with intent to murder, and under the rule enunciated in *Simms v. State*, 288 Md. 712, 421 A.2d 957 (1980), the maximum penalty Holmes was eligible to receive for his attempted murder conviction was thirty years, the maximum penalty available for assault with intent to murder. *Holmes v. State*, 65 Md.App. at 442, 501 A.2d at 83. Accordingly, the Court of Special Appeals upheld Holmes's convictions but vacated his life sentence and remanded the case to the circuit court for resentencing. We granted the State's petition for a writ of certiorari to review the question of whether the trial court erred in sentencing Holmes to life imprisonment for his conviction of attempted murder in the first degree.

The State contends that the Court of Special Appeals erred in vacating Holmes's life sentence because the *Simms* rule is inapplicable under the circumstances *sub judice.* First, the State argues that attempted murder *in the first degree* is not a lesser included offense of assault with intent to murder because each of these offenses has an element that the other does not: Assault with intent to murder requires an assault, while attempted murder does not; and attempted murder in the first degree requires premeditation and deliberation, while assault with intent to murder does not. Additionally, the State argues that, assuming attempted murder *is* a lesser included offense of assault with intent to murder, the *Simms* rule is still inapplicable. The State argues that where, as here, a *nolle prosequi* is entered notwithstanding the existence of sufficient evidence to support the charge, the *nolle prosequi* should not be treated as

an acquittal for purposes of applying the *Simms* rule.[1]

Holmes argues that the Court of Special Appeals was correct in vacating his sentence for attempted murder because, under this Court's decision in *Hardy*, attempted murder is a lesser included offense of assault with intent to murder. Holmes further contends that under *Simms*, a *nolle prosequi* entered after jeopardy has attached operates as an acquittal notwithstanding the fact there was sufficient evidence to support the charge.

■ Our task today is to determine whether the *Simms* rule applies to the facts of this case. The *Simms* rule may be simply stated:

> [W]hen a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge, he may not receive a sentence for that conviction which exceeds the maximum sentence which could have been imposed had he been convicted of the greater charge.

*Id.* at 724, 421 A.2d at 964.

The facts of *Simms* and its companion case *Thomas v. State* reveal the purpose of the rule. Simms and Thomas were each charged in separate proceedings with simple assault and assault with intent to rob. The jury found Simms guilty of simple assault and not guilty of assault with intent to rob, and Simms was sentenced to twelve years of imprisonment. In Thomas's case, however, the assault with intent to rob charge never reached the jury. Instead, the State entered a *nolle prosequi* of the charge at the close of all the evidence.[2] As in Simms's case, the jury

---

1. Due to the disposition we make in this case, we shall not address this proposition.

2. We treated the facts of *Simms* and *Thomas* as theoretically identical notwithstanding the fact that Thomas was not actually *acquitted* of his assault with intent to rob charge. This is so because the State's *nolle prosequi* of the charge after jeopardy had attached operated as an acquittal. *Id.* at 718, 421 A.2d at 960 (citing *Bynum v. State*, 277 Md.

found Thomas guilty of simple assault and he was sentenced to twelve years of imprisonment. On appeal, the Court of Special Appeals upheld each defendant's conviction and sentence in an unreported opinion. This Court reversed in a single opinion, setting forth the above rule.

In reaching our conclusion in *Simms,* we observed that, because "all of the elements of simple assault are present in the offense of assault with intent to rob, both offenses, if based upon the same acts of the defendant, are deemed the same for merger and double jeopardy purposes." *Id.* at 718, 421 A.2d at 960–61. Accordingly, we noted, "if a defendant were found *guilty* of both, he could not receive a separate sentence for each offense," *id.* at 719, 421 A.2d at 961 (emphasis supplied), because Maryland common law double jeopardy principles preclude double punishment for the "same" offense. *Newton v. State,* 280 Md. 260, 264–65, 373 A.2d 262, 264 (1977); *Thomas v. State,* 277 Md. 257, 262, 353 A.2d 240, 243 (1976); *Gilpin v. State,* 142 Md. 464, 466, 121 A. 354, 355 (1923). Thus, had Simms and Thomas each been *convicted* of both simple assault and assault with intent to rob, the maximum sentence he could have received would have been ten years of imprisonment.[3] However, when each defendant was *acquitted* of the greater offense of assault with intent to rob, each became theoretically eligible for a sentence *in excess of* ten years,[4] and thus could have been penalized for his acquittal of the greater offense. Recognizing the inequities inherent in this situation we held that when a defendant is charged with, and jeopardy attaches to, both a greater and a lesser included

---

703, 705, 357 A.2d 339, 340, *cert. denied,* 429 U.S. 899, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976)).

**3.** Maryland Code (1957, 1982 Repl. Vol.), Art. 27, § 12 provides that "[e]very person convicted of the crime of an assault with intent to rob, is guilty of a felony and shall be sentenced to imprisonment for not less than two years or more than ten years."

**4.** In Maryland, assault is a common law crime for which there is no statutorily prescribed penalty. *Simms v. State,* 288 Md. at 714, 421 A.2d at 958.

offense, and the defendant is acquitted of the greater offense, the penalty available for the lesser offense is limited to that which the defendant could have received had he been convicted of the greater offense. *Simms v. State,* 288 Md. at 724, 421 A.2d at 964.

Our most recent application of the *Simms* rule was in *Gerald v. State,* 299 Md. 138, 472 A.2d 977 (1984). In *Gerald,* the defendant was acquitted of armed robbery, for which the maximum available sentence was twenty years, and robbery, for which the maximum available sentence was ten years. He was convicted of assault and battery and sentenced to fifteen years of imprisonment. On appeal to the Court of Special Appeals, the defendant argued that his fifteen-year sentence was illegal under *Simms* because it exceeded the maximum punishment available for robbery. The intermediate appellate court found Gerald's sentence entirely proper and affirmed the trial court's judgment. *Gerald v. State,* 55 Md.App. 483, 462 A.2d 85 (1983). We reversed. Initially, we noted that simple assault is a lesser included offense of robbery and that, in turn, robbery is a lesser included offense of armed robbery. Accordingly, the question before us was whether the "greater" offense of robbery or the "greatest" offense of armed robbery imposed a limit on the sentence that Gerald could receive for the least included offense of assault and battery. We observed that, if the "greatest" offense of armed robbery imposed the limit, Gerald's robbery acquittal rendered him eligible for a harsher sentence—a result we found inequitable in *Simms. Gerald v. State,* 299 Md. at 144, 472 A.2d at 980. Accordingly, we held that under our rationale in *Simms,* the "next greater offense" of robbery limited the sentence Gerald could receive for the "least included" offense of assault. *Id.* at 145, 472 A.2d at 981.

Today we must decide whether the rule enunciated in *Simms* and refined in *Gerald* applies to the facts of this case. To do so, we must determine whether attempted murder in the first degree and assault with intent to murder are the "same" offense for double jeopardy purposes; if

they are, then the *Simms* rule applies and Holmes's life sentence is illegal. Thus, we turn now to the question of whether attempted murder in the first degree and assault with intent to murder are the "same" offense under Maryland double jeopardy law.

Maryland courts have consistently applied the "required evidence test" to determine whether two offenses are the "same" for purposes of the common law and constitutional prohibitions against double jeopardy. *Dillsworth v. State,* 308 Md. 354, 356, 519 A.2d 1269, 1270 (1987); *Hawkins v. State,* 291 Md. 688, 691, 436 A.2d 900, 901–02 (1981); *Whack v. State,* 288 Md. 137, 141–42, 416 A.2d 265, 267 (1980); *Lewis v. State,* 285 Md. 705, 722–23, 404 A.2d 1073, 1082 (1979); *Brooks v. State,* 284 Md. 416, 418, 397 A.2d 596, 597–98 (1979); *State v. Frye,* 283 Md. 709, 714–15, 393 A.2d 1372, 1374–75 (1978); *Johnson v. State,* 283 Md. 196, 203, 388 A.2d 926, 930 (1978); *Newton v. State,* 280 Md. at 265–66, 373 A.2d at 265; *Bynum v. State,* 277 Md. 703, 706, 357 A.2d 339, 341 (1976); *Cousins v. State,* 277 Md. 383, 394, 354 A.2d 825, 832, *cert. denied,* 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976); *Thomas v. State,* 277 Md. at 266–67, 353 A.2d at 246–47.

In *Thomas v. State,* 277 Md. at 267, 353 A.2d at 246, we noted that "Maryland [courts] have ... consistently focused upon the evidence *required to convict* to determine whether two offenses are the same for double jeopardy purposes," and that "certain principles ... [have] emerge[d] from [these] cases." We summarized the law as follows:

The required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes, even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy

purposes. And of course if both [offenses] have exactly the same elements, the offenses are also the same within the meaning of the prohibition against double jeopardy.

*Id.* at 267, 353 A.2d at 246–47.

The first step in applying the required evidence test, however, is to determine the offenses to which the test should be applied. In the case *sub judice*, Holmes was charged with attempted murder under the statutory indictment form for murder found in Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 616, *i.e.*, the indictment charged Holmes with "wilfully and of his deliberately premeditated and malice aforethought, attempt[ing] to kill and murder" the victim. In *Hardy*, we held that an indictment charging common law attempted murder includes within its scope either first or second degree attempted murder. 301 Md. at 139–40, 482 A.2d at 482. Accordingly, under Holmes's indictment, he could have been convicted of either offense.

Nevertheless, Holmes argues that, in applying the required evidence test, we should look to the elements of the common law offense of attempted murder because the division of murder, and thus attempted murder, into degrees was done solely for punishment purposes and was not intended to create a new offense. The State, on the other hand, argues that because an indictment charging common law attempted murder will support a conviction for either attempted murder in the first degree or attempted murder in the second degree, Holmes's indictment effectively charged him with both offenses. Moreover, the State argues, the jury determined that Holmes was guilty of attempted murder *in the first degree*. Thus, the State argues, attempted murder in the first degree is the offense to which we should look in applying the required evidence test. We agree. We conclude that when an individual is convicted of a particular degree of attempted murder, it is to the elements required to sustain that degree that the court must look in applying the required evidence test for purposes of the *Simms* rule.

Initially, we feel compelled to note the irony in Holmes's argument. He argues that murder, and thus attempted murder, are divided into degrees for punishment purposes only and thus that we must look to the common law crime in applying the required evidence test for purposes of the *Simms* rule. What Holmes fails to recognize is that the heart of the *Simms* rule concerns itself with the *punishment* available for a particular offense. That is, the foundation of the *Simms* rule is Maryland's common law double jeopardy prohibition against double *punishment* for the "same" offense. Thus, it would be somewhat incongruous for us, in applying the required evidence test for purposes of the *Simms* rule, to ignore the very elements of the offense upon which the defendant's punishment was based.

Moreover, we find that the required evidence test itself requires that in applying the *Simms* rule to the circumstances *sub judice,* we look to the elements of Holmes's conviction for attempted murder in the first degree rather than the elements of common law attempted murder. As we previously stated, "[t]he required evidence is that which is minimally necessary to secure a conviction for each ... offense." *Thomas v. State,* 277 Md. at 267, 353 A.2d at 246. Here, Holmes was convicted of attempted murder in the first degree. Thus, it is to the elements of that degree of the crime that we must look in applying the required evidence test. We illustrated this principle in *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977).

In *Newton* we considered the question of whether felony murder and the underlying felony are the "same" offense under federal double jeopardy principles. After a lengthy examination of Maryland's murder statute, we concluded that they were. Significantly, in reaching our conclusion, we looked to the elements required to establish murder in the first degree under the felony murder doctrine rather than those required to establish common law murder. We concluded that "[t]he evidence required to secure a first degree murder conviction is, absent the proof of death, the same evidence required to establish the underlying felony.

Therefore, as only one offense requires proof of a fact which the other does not, under the required evidence test the underlying felony and the murder merge." *Id.* at 269, 373 A.2d at 267.

Thus, *Newton* indicates that when considering the offense of murder or attempted murder for purposes of applying the required evidence test, the "required elements" are those that the State has to prove to secure the particular conviction, *i.e.*, the "required elements" of attempted first degree murder include premeditation and deliberation.

In *Walker v. State*, 53 Md.App. 171, 192, 452 A.2d 1234, 1245 (1982), the Court of Special Appeals relied on *Newton* to conclude that an assault with intent to rape charge had no limiting effect on the sentence the defendant could receive for attempted rape *in the first degree.* In *Walker*, the defendant was charged with both assault with intent to rape and attempted rape. The State "dropped" the assault with intent to rape charge and the jury found the defendant guilty of attempted rape in the first degree. On appeal, the defendant argued that the assault with intent to rape charge imposed a cap on the sentence he could legally receive for his attempted rape conviction. The Court of Special Appeals was therefore confronted with a situation analogous to that *sub judice.*

The intermediate appellate court began its analysis of the problem by discussing the required evidence test and its application to "two closely related crimes which possess the same number of elements, but where one is more specific and the other is general." *Id.* at 190, 452 A.2d at 1244. Applying the relevant Maryland case law, the Court of Special Appeals concluded that "assault with intent to rape would seem to qualify as the more specific form of attempted rape." *Id.* at 191, 452 A.2d at 1245. Nevertheless, the intermediate appellate court found that Walker's sentence for attempted rape *in the first degree* was not limited by the fact that he was also placed in jeopardy for assault with intent to rape. The Court of Special Appeals observed:

Here the State set out to prove and did prove the aggravating elements necessary to raise this attempted crime to the first degree. *Newton v. State*, 280 Md. 260, 373 A.2d 262 (1977) made it very clear that when dealing with monolithic crimes such as murder or rape, where the different degrees thereof are not separate crimes but serve simply to establish levels of blameworthiness for punishment purposes, the elements of proof needed to raise a crime from one punishment level or degree to another are "required elements" within the contemplation of double jeopardy and merger law. *Newton v. State, supra,* at 280 Md. 268–69.

*Id.* at 192, 452 A.2d at 1245.

The intermediate appellate court went on to note that to prove attempted rape in the first degree, the State had to prove one of the aggravating elements enumerated in the statute, but that the State did not need to prove any of the aggravating elements to sustain an assault with intent to rape conviction. Moreover, the Court of Special Appeals observed, for an assault with intent to rape conviction the State must prove an assault, an element not necessary for attempted rape in the first degree. Accordingly, the intermediate appellate court concluded, each offense required an element that the other did not and, thus, the two offenses were not the "same" for double jeopardy purposes.

■ We agree with the Court of Special Appeals's interpretation of *Newton*. When looking at an offense for purposes of applying the required evidence test, a court should look to the elements that the State is required to prove to obtain a conviction thereon. Thus, when applying the required evidence test to common law offenses that the legislature has divided into degrees for punishment purposes, the court should look to the degree level of the offense for which the defendant has actually been convicted to ascertain its required elements.

■ Applying this rule to the case *sub judice*, we find, first, that the elements of attempted murder in the first

degree are the intent to commit murder in the first degree and some overt act towards the crime's commission. *See Hardy v. State,* 301 Md. at 128, 482 A.2d at 476 (defining attempt generally). Moreover, we have repeatedly held that the intent required for first degree murder is that it shall have been wilful, deliberate, and premeditated.[5] *Newton v. State,* 280 Md. at 268, 373 A.2d at 266; *Dorsey v. State,* 278 Md. 221, 225, 362 A.2d 642, 645 (1976); *Gladden v. State,* 273 Md. 383, 387, 330 A.2d 176, 178 (1976). Thus, to prove attempted murder in the first degree, the State was required to prove that Holmes had the wilful, deliberate, and premeditated intent to kill, and that he committed some overt act towards that end.

Second, we find that the elements of assault with intent to murder are an assault and an intent to murder. Assault with intent to murder does not require a wilful, deliberate, and premeditated intent to kill but, instead, requires only a specific intent to kill such that, if the offense had been completed, it would have been either first or second degree murder. *State v. Jenkins,* 307 Md. 501, 515 A.2d 465, 472 (1986).

In sum, each of the offenses with which Holmes was charged and to which jeopardy attached requires an element that the other does not. Attempted murder in the first degree requires a wilful, deliberate, and premeditated intent to kill, while assault with intent to murder does not. Assault with intent to murder requires an assault, while attempted murder in the first degree does not. Accordingly, these crimes do not merge under the required evidence test and the *Simms* rule is inapplicable. The trial court's imposition of a life sentence for Holmes's attempted first degree murder conviction was indubitably correct.

---

**5.** That is, of course, unless the first degree murder conviction is based on proof of a homicide committed in the perpetration, or attempted perpetration, of one of the felonies enumerated in §§ 408–410 of Art. 27, Maryland Code (1957, 1982 Repl. Vol.). *Ross v. State,* 308 Md. 337, 341–42, 519 A.2d 735, 737 (1987).

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY. COSTS TO BE PAID BY THE APPELLEE.