582 A.2d 525

**David MONOKER**

v.

**STATE of Maryland.**

**No. 63, Sept. Term, 1989.**

Court of Appeals of Maryland.

Dec. 5, 1990.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, brief), Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS * and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland, (retired), Specially Assigned, JJ.

COLE, Judge.

In this case we are presented with a new twist on the old concept of when two crimes merge, so as to uphold the mandate against double punishment for the "same offense." More specifically, the issue of first impression is whether the crime of soliciting one to perform a criminal act should merge into the subsequent crime of conspiracy to commit that same act.

According to the agreed statement of facts, Petitioner, David Monoker, an attorney, was a friend of Charlotte Dubin and her husband. After the husband's death in 1972, Monoker served as Mrs. Dubin's attorney and accountant. In 1985, Mrs. Dubin discovered that a large amount of her assets was missing. Monoker was arrested, charged with and convicted of various theft and forgery offenses perpetrated against Mrs. Dubin. She was the principal witness for the prosecution at his trial.

While awaiting sentencing for that crime at the Baltimore County Detention Center, Monoker expressed to other inmates his extreme displeasure with Dubin for testifying against him. With an eye toward revenge, Monoker, on several occasions, asked one of those inmates, Stanley Almony, if upon his release he would break into the Dubin household, assault Mrs. Dubin and her elderly mother, and steal everything he could. Alimony eventually agreed and enlisted the aid of several other inmates. Monoker allegedly briefed the would-be burglars on the layout of the Dubin household and the location of the valuables therein. On the evening of June 19, 1987, Almony and his accom-

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; but did not participate in the decision and adoption of this opinion.

plices set out to burglarize the Dubin house. They were not, however, successful in their endeavor. A neighbor of Mrs. Dubin's observed the men driving slowly past the Dubin house at least three times, once pointing at it. The neighbor called the police who apprehended the failed burglars. In their car, the police officer found a lead pipe and two knives.

For his part in the scheme,[1] Monoker was convicted of solicitation and conspiracy to commit daytime housebreaking. For each offense he was given a 10 year sentence, to run consecutively to each other and both consecutive to the original sentence he was then serving for the theft and forgery convictions. The judgment of the Circuit Court for Baltimore County was affirmed by the Court of Special Appeals in an unreported opinion. We granted certiorari to decide this novel issue.

Monoker contends that his conviction of and sentence for solicitation should merge into those of the greater crime of conspiracy. He asserts that solicitation, the "counselling, enticing, or inducing another to commit a crime," *Lewis v. State*, 285 Md. 705, 723, 404 A.2d 1073 (1979), is, in effect, an attempt to conspire. He further argues that since an attempt to commit a crime is a lesser included offense of the completed crime, solicitation, an attempt, is a lesser included offense of conspiracy, and as such, it should merge into that greater offense.

As a second avenue of attack, Monoker avers that even assuming, *arguendo*, that solicitation and conspiracy do not merge under the required evidence test as embodied in the common law Maryland merger doctrine,[2] separate convic-

---

1. Almony and his accomplices in the burglary attempt were also charged with various offenses. This appeal concerns only the convictions of David Monoker.

2. Under Maryland merger law the usual test for determining the identity of offenses is the required evidence test. *White v. State*, 318 Md. 740, 569 A.2d 1271 (1990), *State v. Ferrell*, 313 Md. 291, 545 A.2d 653 (1988), *Nightingale v. State*, 312 Md. 699, 542 A.2d 373 (1988).

tions and sentences for solicitation and conspiracy are nonetheless improper. He argues that the Model Penal Code prohibits convictions for more than one offense of attempt, conspiracy and/or solicitation designed to culminate in the commission of one crime and that a number of states have adopted that approach. Apparently, he suggests that we also embrace that approach. He further states that the rule of lenity[3] or its equivalent should apply to preclude separate punishments.

Finally, Monoker argues that separate convictions cannot be upheld, as the State suggests, on the theory that the solicitation and conspiracy convictions are based on "separate acts." Monoker contends that nothing in the indictment gave him notice that the two counts were based on distinct acts, nor would the evidence support such a finding.

The State maintains that to prove a conspiracy the prosecution must establish an agreement and a combination either to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Solicitation, on the other hand, does not require any sort of agreement and is complete once the incitement to commit a crime has occurred. Although a solicitation may grow into a conspiracy if the solicitee agrees to commit the act, the State need not establish an incitement by any of the conspirators to prove a conspiracy. The State seems to be arguing, then, that since each offense requires some element the other does

---

The required evidence test "focuses upon the elements of each offense; if all the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former mergers into the latter," *State v. Jenkins,* 307 Md. 501, 517, 515 A.2d 465 (1986).

3. The rule of lenity is a rule of statutory construction whereby two crimes arising out of a single act, even if not merged under the required evidence test, will not be punished separately if it is unclear whether the legislature intended the crimes to be punished by one sentence or more. If the legislature's mandates are ambiguous, under the rule of lenity the defendant is given the benefit of the doubt and is punished by only one sentence.

not, the offenses should not merge under the required evidence test.

The State further contends that the crimes of solicitation and conspiracy should not merge under the rule of lenity. That rule is a rule of statutory construction, and since both solicitation and conspiracy are common law crimes, it is illogical and improper to couch our decision in terms of a rule designed as an aid to statutory interpretation. The State persists that even ignoring the apparent requirement for statutory offenses in an application of the rule of lenity, the crimes still should not merge because different societal interests are violated by each crime, and they, therefore, should be punished separately.

We must determine whether solicitation and conspiracy are the "same" offense for purposes of the Maryland common law prohibition against multiple punishments for one offense. If they are, then the separate convictions and sentences for the two crimes cannot stand. *Newton v. State*, 280 Md. 260, 268, 373 A.2d 262 (1977). We turn to a discussion of that issue.

Maryland courts have consistently applied the "required evidence test" to determine whether two offenses are the "same" for purposes of common law and constitutional prohibitions against double jeopardy. *White v. State*, 318 Md. 740, 569 A.2d 1271 (1990); *State v. Ferrell*, 313 Md. 291, 545 A.2d 653 (1988); *Nightingale v. State*, 312 Md. 699, 542 A.2d 373 (1988); *State v. Holmes*, 310 Md. 260, 528 A.2d 1279 (1987); *Dillsworth v. State*, 308 Md. 354, 519 A.2d 1269 (1987); *State v. Jenkins*, 307 Md. 501, 515 A.2d 465 (1986); *Whack v. State*, 288 Md. 137, 416 A.2d 265 (1980); *State v. Frye*, 283 Md. 709, 393 A.2d 1372 (1978).

The required evidence test focuses on the elements of each crime in an effort to determine whether all the elements of one crime are necessarily in evidence to support a finding of the other, such that the first is subsumed as a lesser included offense of the second. We summarized the test as follows:

The required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes, even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes. And of course if both [offenses] have exactly the same elements, the offenses are also the same within the meaning of the prohibition against double jeopardy.

*State v. Holmes*, 310 Md. at 267–68, 528 A.2d 1279, quoting *Thomas v. State*, 277 Md. 257, 267, 353 A.2d 240 (1976). *See also, Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Initially, then, what we must do is examine the elements of both solicitation and conspiracy to determine whether all the elements of one are required elements of the other.

In *Cherry v. State*, 18 Md.App. 252, 258, 306 A.2d 634 (1973), the Court of Special Appeals set forth the definition of solicitation to commit a crime by quoting from Clark and Marshall, *Law of Crimes* (7th ed. 1967): " 'The gist of this offense is incitement. In brief, the gravamen of this common-law misdemeanor lay in counselling, enticing or inducing another to commit a crime....' " This definition has been adopted by this Court as well. *See, e.g., Lewis v. State*, 285 Md. 705, 723, 404 A.2d 1073 (1979). In other words, the person accused of solicitation must make an effort to coerce someone else into committing a criminal offense. The person solicited need not commit, attempt to commit, or even intend to commit the act for the solicitation to be complete. The solicitation is complete once the incitement is made, even if the person solicited does not respond at all. *Frye v. State*, 62 Md.App. 310, 316, 489 A.2d 71 (1985).

Our cases have consistently defined criminal conspiracy as the combination of two or more people to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. The gist of conspiracy is the unlawful agreement, which need not be spoken or formal so long as there is a meeting of the minds reflecting a unity of purpose and design. The crime is complete when the unlawful agreement is made; no overt act in furtherance of the agreement is necessary. *See, Birchead v. State,* 317 Md. 691, 707–08, 566 A.2d 488 (1989); *Townes v. State,* 314 Md. 71, 75, 548 A.2d 832 (1988); *Mason v. State,* 302 Md. 434, 444, 488 A.2d 955 (1985); *Gardner v. State,* 286 Md. 520, 523–24, 408 A.2d 1317 (1979).

There is no question in this case that Petitioner did commit both the crime of solicitation (by repeatedly imploring Almony to burglarize the Dubin household) and of conspiracy (by coming to an agreement with Almony and his accomplices to commit the burglary). We need only determine whether all the elements of solicitation are of necessity in evidence among the elements of conspiracy. In other words, if the solicitation consists of A asking B to perform an unlawful act, is the conspiracy complete the moment B agrees to do so?

The gravamen of solicitation is inducement by the solicitor of another person. The question, then, is whether such an inducement of B by A to perform an act is necessary in an agreement between A and B, the conspiracy, to perform that same act. At first blush it would seem that that question must be answered in the affirmative. A hypothetical example, however, dispels that belief. Suppose, for example, that A is in a prison cell where he, in the presence of another inmate, voices his desire to perpetrate a crime against a third person. At that time, though, he is merely thinking aloud with no intent to induce the other inmate to aid him in his criminal pursuit. The other inmate, B, hears A's wish and responds that he, too, desires harm to befall the third party, C. Only then do A and B agree to help each other in bringing about that illegal goal. Clearly,

there is then an agreement, a conspiracy. There was not, however, an inducement by either party to commit a crime. There exists, therefore, a conspiracy without a solicitation. All the elements of the purported lesser included offense of solicitation are not included in the greater crime of conspiracy. Since it is not impossible to commit the greater crime without also having committed the lesser, as is necessary under the required evidence test, *see Hagans v. State*, 316 Md. 429, 449, 559 A.2d 792 (1989) and cases cited therein, the two offenses cannot necessarily be deemed the "same" under that test.

■ Such a decision does not, however, end our analysis of whether Monoker's offenses should merge. Even though two offenses do not merge under the required evidence test, there are nevertheless times when the offenses will not be punished separately. Two crimes created by legislative enactment may not be punished separately if the legislature intended the offenses to be punished by one sentence. It is when we are uncertain whether the legislature intended one or more than one sentence that we make use of an aid to statutory interpretation known as the "rule of lenity." Under that rule, if we are unsure of the legislative intent in punishing offenses as a single merged crime or as distinct offenses, we, in effect, give the defendant the benefit of the doubt and hold that the crimes do merge. *See, White v. State*, 318 Md. at 744–45, 569 A.2d 1271, *Hunt v. State*, 312 Md. 494, 510, 540 A.2d 1125 (1988); *Dillsworth v. State*, 308 Md. 354, 361–67, 519 A.2d 1269 (1987); *State v. Jenkins*, 307 Md. 501, 518–19, 515 A.2d 465 (1986); *Whack v. State*, 288 Md. 137, 143, 416 A.2d 265 (1980). The rule of lenity was originally formulated by the United States Supreme Court as a principle of statutory construction. The policy behind the rule is " 'that the Court will not interpret a . . . criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended.' " *White v. State*, 318 Md. at 744, 569 A.2d 1271, quoting *Simpson v. U.S.*, 435 U.S. 6, 15,

98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978), which in turn quotes *Ladner v. U.S.*, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958). The rule of lenity is neither absolute nor exclusive, nor are there any fixed criteria for applying it. *White v. State*, 318 Md. at 745, 569 A.2d 1271. One fact is, however, undeniably clear. The rule of lenity, formulated as an aid to statutory construction, applies to *statutory* offenses. In *White*, we applied the rule where one offense was statutory and the other common law. Solicitation and conspiracy are both common law offenses. We have never applied the rule of lenity to two common law crimes, nor do we so extend the scope of that rule here.

■ We do, however, note that other considerations may be applicable in arriving at a principled decision. *White v. State*, 318 Md. at 745–46, 569 A.2d 1271. One of the most basic considerations in all our decisions is the principle of fundamental fairness in meting out punishment for a crime. *Id.* at 746, 569 A.2d 1271. *See also, Whack v. State*, 288 Md. at 142, 416 A.2d 265; *Brooks v. State*, 284 Md. 416, 423, 397 A.2d 596 (1979); *Cousins v. State*, 277 Md. 383, 397, 354 A.2d 825, *cert. denied*, 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976). While solicitation and conspiracy do not merge under the required evidence test, we find it unfair to uphold convictions and sentences for both crimes. Although solicitation is not always a lesser included offense of conspiracy, in Monoker's case the conspiracy to burglarize the Dubin home certainly did ripen from the solicitation of Almony to commit that same crime. *See White v. State*, 318 Md. at 748, 569 A.2d 1271 (statutory offense of child abuse does not merge into common law crime of murder under strict application of the required evidence test, but the offenses still merge because the abuse and subsequent death of the child are so closely connected as to constitute an integral part of the homicide; the child abuse offense is therefore very much like a traditional included offense of murder). Similarly, here, we conclude that because the solicitation was part and parcel of the ultimate conspiracy and thereby an integral component of it, it would be funda-

mentally unfair to Monoker for us to require him to suffer twice, once for the greater crime and once for a lesser included offense of that crime. For that reason his sentences should merge. We so hold.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE IN PART THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AND REMAND TO THAT COURT FOR A NEW SENTENCING PROCEEDING CONSISTENT WITH THIS OPINION. BALTIMORE COUNTY TO PAY THE COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS.

ELDRIDGE, J., concurs in the judgment only.