THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHAN DOZIER, Defendant-Appellant.

(No. 58770;

First District (4th Division)—April 10, 1974.

*Rehearing denied May 29, 1974.*

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was found guilty by a jury of armed robbery, attempt murder, and aggravated battery. He was sentenced to a term of 15 to 30 years on the armed robbery, 15 to 20 years on the attempt murder, and 5 to 10 years on the aggravated battery. All sentences were to run concurrently.

The issues presented on appeal are (1) whether the court erred in denying the defendant's motion to suppress the in-court identification by the victim; (2) whether the defendant was properly convicted and given separate sentences for the offenses of armed robbery, attempt murder, and aggravated battery; and (3) whether the sentences imposed by the trial court were excessive.

On March 13, 1970, Mrs. Bernice Odem, age 75, was employed by the Monitor Cleaners, located at 838 Montrose Avenue, Chicago, Illinois. Mrs. Odem arrived at work at 8:30 A.M. At approximately 10 A.M. two men entered the store, one standing by the steps and the other near the counter. Mrs. Odem identified the defendant, Nathan Dozier, as one of the men who entered the store. The other man asked Mrs. Odem for a pair of pants but did not produce a ticket. The defendant then pulled out a gun and the other man pulled out a knife and ordered Mrs. Odem

into the back of the store. She was told to lie on the floor. Mrs. Odem told the two men there was money in the store register, and the defendant went to the front of the store and got it. The other man attempted to remove an engagement ring from Mrs. Odem's finger, but was unsuccessful. He did remove an onyx ring. At this time Mr. Michael Dubin, part-owner of the cleaners, entered the store. Mr. Dubin went into the back of the store, and when he saw what was taking place he told Mrs. Odem to give the man the ring. The defendant then held a gun on Mr. Dubin while the other man frisked him and took his money. During this encounter Mrs. Odem was lying on her back and was able to observe the events taking place. Mr. Dubin then hit the defendant on the wrist and a struggle ensued. Mrs. Odem heard some shots but did not see who fired them. Someone then came over to her and shot her twice. The defendant's accomplice stabbed her several times. Mrs. Odem was taken to Weiss Memorial Hospital for first-aid treatment and then removed to Ravenswood Hospital. Mr. Michael Dubin died as a result of his gunshot wounds.

At trial in May, 1972, Mrs. Odem testified that at a previous trial regarding the same charges she did not identify the defendant. Mrs. Odem further testified she was never asked to identify the defendant at the prior trial, and she had told the police she would be able to identify her assailant if she saw him in person. Mrs. Odem positively identified the defendant in open court at the May, 1972, trial.

Mr. Norris White testified the defendant and one Spencer Malcom were living with him and his wife on March 13, 1970. Mr. White also testified the defendant and Malcom told him they had robbed a cleaners and "killed some people." White testified that Malcom told him he (Malcom) did the stabbing and the defendant did the shooting.

At the conclusion of the trial, the jury found the defendant not guilty of the murder of Michael Dubin, but found the defendant guilty of armed robbery, aggravated battery, and attempt murder of Bernice Odem. The defendant was sentenced to a term of 15 to 30 years on the armed robbery, 5 to 10 years on the aggravated battery, and 15 to 20 years on the attempt murder. All sentences were to run concurrently.

The defendant first contends the court erred in denying the defendant's motion to suppress the in-court identification by Mrs. Bernice Odem. The defendant contends the in-court identification was tainted because Mrs. Odem failed to make an in-court identification during the prior trial and her subsequent in-court identification at the instant trial was based on her observation of the defendant at the prior trial.

■■ We do not agree with the defendant's contention. Mrs. Odem did not make an in-court identification at the first trial because she was

never asked to do so. Mrs. Odem testified at the instant trial she was not asked to identify the defendant at the prior trial, and she had told the police she would be able to identify the assailant if she saw him in person. Mrs. Odem observed the defendant at close range in a well-lighted room for approximately 20 minutes during their encounter. This prior uninfluenced observation constituted a sufficiently independent origin to support Mrs. Odem's in-court identification. (*People v. Bolden* (1970), 123 Ill.App.2d 150.) In *People v. Moore* (1972), 7 Ill.App.3d 315, the defendant was convicted of attempt murder, armed robbery, and aggravated battery. In affirming defendant's conviction, the court held:

> " '* * * [E]ven though an out-of-court procedure may have been unnecessarily suggestive, nonetheless, denial of due process depends on whether * * * identification at trial was dependent on or influenced by the improper viewing and that the question to be determined is whether the witness's identification had an origin independent of the improperly suggestive confrontation.' "

In the instant case the viewing of the defendant by Mrs. Odem at the prior trial, even if suggestive, did not lead to error because Mrs. Odem's identification had an independent origin. The trial court therefore properly denied defendant's motion to suppress the in-court identification.

The defendant next contends the court erred in convicting him of three offenses which arose out of the same transaction. In support of his contention the defendant cites the decision in *People v. Duszkewycz* (1963), 27 Ill.2d 257, wherein the supreme court held different punishments cannot be imposed for a single act, even though different ingredients are involved in the crimes.

■■ We believe the offenses of aggravated battery and attempt murder arose out of the same transaction. Therefore, defendant's sentence of 5 to 10 years for aggravated battery is vacated. However, we believe the offense of armed robbery was a separate offense from the offense of attempt murder. It is clear from the facts in the instant case that the offense of armed robbery was completed before the offense of attempt murder was committed. The shooting and stabbing of Mrs. Odem did not take place during the commission of the armed robbery but after the robbery had been completed. Not only are different elements of proof necessary to establish each offense, but the shooting and stabbing of the victim was not a component part of the armed robbery. In *People v. Gates* (1970), 123 Ill.App.2d 50, the defendants were found guilty and sentenced for armed robbery, attempt rape, and aggravated battery. In affirming the sentences the court held the defendants' acts did not con-

stitute one single transaction but represented divisible conduct resulting in three separate offenses. The court stated:

> "Defendants lastly contend that they were improperly convicted of several offenses arising from the same transaction, citing *People v. Duszkewycz,* 27 Ill.2d 257. We consider this to be without merit, as defendants' acts did not constitute one single transaction, but, rather, represented divisible conduct resulting in three separate offenses. The robbery was complete before the rape was attempted, and that offense had been completed before the stabbing."

The defendant finally contends the sentences imposed by the trial court were excessive.

■■ We believe the defendant's contention is without merit. Courts in Illinois have repeatedly ruled where the sentences imposed are within limits set by statute, they will not be disturbed on review unless they constitute a substantial departure from fundamental law and its spirit and purpose. (*People v. Bricker* (1971), 131 Ill.App.2d 917.) In *People v. Pisarski* (1972), 6 Ill.App.3d 235, the court refused to reduce a murder sentence of a 19-year-old defendant with no prior record. The court noted that while the sentence was a serious one, so also was the crime committed. Considering the serious nature of the offenses committed by the defendant in the case at bar, we believe the sentences imposed by the trial court were proper.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed as to the armed robbery and attempt to murder and the sentence for aggravated battery is vacated and set aside.

Affirmed as modified.

ADESKO, P. J., and JOHNSON, J., concur.