THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS WORTHEN, Defendant-Appellant.

First District (2nd Division)    No. 80-1034

Opinion filed March 30, 1982.

Ralph Ruebner, Steven Clark, and Bradley S. Bridge, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lester M. Joseph, and Lawrence Stasica, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

Defendant, Thomas Worthen, was indicted on two counts of armed robbery, two counts of attempt murder, four counts of aggravated battery and two counts of armed violence. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2, 8—4, 12—4, 33A—2.) In a bench trial defendant was found guilty of one count of armed robbery, one count of attempt murder and one count of aggravated battery. Defendant was sentenced to serve concurrent terms of imprisonment of 20 years for armed robbery, 15 years for attempt murder and 5 years for aggravated battery. Defendant

appeals contending that (1) the trial court improperly denied defendant's motion for a new trial; (2) the State improperly referred to an out-of-court identification of defendant by a complainant who did not testify at trial; (3) defendant was not proved guilty beyond a reasonable doubt; (4) the trial court abused its discretion in imposing a 20-year sentence for armed robbery after imposing a lesser sentence of 15 years for attempt murder; and (5) defendant's case should be remanded for resentencing where defendant was improperly convicted and sentenced for aggravated battery, a lesser-included offense of attempt murder. For the reasons which follow, we affirm defendant's convictions and sentences for armed robbery and attempt murder and vacate his conviction and sentence for aggravated battery.

A recitation of the evidence relevant and material to the issues presented in the appeal will appear in our discussion of those issues.[1]

## I

Defendant argues that the trial judge improperly rejected Loretta Tyler's testimony, given after trial, that defendant was not the man who had robbed and stabbed her.

Approximately one month after trial, defendant moved for a new trial on the ground that the victim, Loretta Tyler, realized that defendant was not the man who attacked her on December 25, 1978. Tyler testified that she saw the actual offender sitting in a grocery store one week after defendant's trial. The State presented evidence impeaching her account and indicating a possible bias because of a friendship between defendant's sister and Tyler's aunt. Because of the importance defendant places on the trial judge's reasons for rejecting Tyler's recantation, we have excerpted his remarks in their entirety:

"I did not believe Miss Tyler today. Miss Tyler is unfortunately nothing but one of the witnesses in a criminal justice system that has to come forward. I suppose her testimony here today helped her, maybe saved her life. I don't know what pressure's been put on that witness since she's last appeared in this court.

Her story of March 10th, I do not accept and do not believe. Mr. Worthen was proven guilty beyond all doubt in this courtroom and after 15 months the witness now sees a man at a store at a bus stop and that's the man. I can't accept that, I don't believe it, and I feel

---

[1] For the sake of clarity we note that defendant was charged with the armed robbery, attempt murder and aggravated battery of Loretta Tyler and Jackie Bryant. Defendant was also charged with armed violence. Tyler testified against defendant. Bryant did not testify and the trial court sustained defense counsel's objections to the State's attempt to establish her whereabouts (apparently Grand Rapids, Michigan) and explain her absence from the trial.

sorry for Miss Tyler to have to come into this court and do what she had to do today. The pressures must be inexplicable as to what she has to deal with in terms of the Defendant's sister and her sister or aunt rather, and the other individuals where Miss Tyler evidently is continuing to live.

But after 15 months Miss Tyler was very clear. And then we have this, in my mind, unbelievable incident, unbelievable actions on her part, and I'm not going to accept it and I'm not going to allow the courts in this county to be intimidated, if Miss Tyler I'm sure was intimidated, but we're not going to conduct the courts, the criminal justice systems, although we'll have to be aware of that problem. But we're going to proceed in trying cases. And got [God?] help the victims because they're afraid to come to court and they're afraid to sometimes live in their own buildings.

Motion for a new trial is denied."

■■ ■ Defendant argues that the trial judge's remarks that Tyler was pressured into changing her testimony were "unsupported conclusions, based on no more than the court's private notions or investigations, * * *." We cannot agree that the judge's comments indicated that he had conducted a private investigation into the facts of the case. (See *People v. Wallenberg* (1962), 24 Ill. 2d 350, 181 N.E.2d 143.) The judge clearly rejected Tyler's testimony on proper grounds, finding it unacceptable and unbelievable. Recantation of trial testimony is generally unreliable, and a new trial should be denied where the trial judge is not satisfied that such testimony is true. (*People v. Evans* (1977), 54 Ill. App. 3d 883, 886, 370 N.E.2d 284.) Based on our examination of the record, we cannot say that the trial judge's rejection of Tyler's testimony was improper.

## II

Defendant contends that his right to confrontation was denied by evidence of an out-of-court identification of defendant by Jackie Bryant, a complainant who did not testify at trial.

Officer Capesius testified on direct examination that on December 30, 1978, he showed a group of photographs including one of defendant to both Loretta Tyler and Jackie Bryant. Capesius did not testify that Bryant identified defendant but he did state that after showing the photographs "to both of these victims" he then charged defendant with attempt murder. In closing argument the prosecutor stated:

"It's also important to remember that these [photographs] were shown to two victims. There is not just one victim in this case, and they were shown separately and independently to each victim, and after the photographs were shown to each victim, [defendant] was

then charged with, not one but two counts of Attempt Murder and Two counts of Armed Violence, and Two counts of Armed Robbery, meaning two victims."

When defense counsel objected to these inferences the trial court told the prosecutor to "continue with your argument." Defendant now contends that the testimony of Officer Capesius combined with the comments of the prosecutor had the effect of buttressing the State's case against defendant through the use of an inadmissible out-of-court identification of defendant by a witness who did not testify at trial. See *People v. Rogers* (1980), 81 Ill. 2d 571, 579, 411 N.E.2d 223.

We cannot accept defendant's argument for three reasons: (1) although the trial court did not sustain defendant's objection to the prosecutor's remarks, there is nothing in the record to indicate that the court affirmatively relied on those inferences in finding defendant guilty; (2) logically the prejudice, if any, to defendant from these comments would have been manifested in finding defendant guilty for either the armed robbery or the aggravated battery of Jackie Bryant, who allegedly made the identification. Defendant, however, was found not guilty on all charges involving Bryant; (3) any error in not sustaining defendant's objection must be viewed as harmless in light of the strong identification testimony of Loretta Tyler.

### III

Defendant contends that he was not proved guilty beyond a reasonable doubt. Defendant relies on four factors: (1) that the trial court failed to properly evaluate the credibility of Loretta Tyler who, after trial and before sentencing, recanted her trial testimony; (2) the alibi testimony of Linda Mitchell; (3) that Mitchell's credibility was improperly impeached by the State; and (4) that the trial court improperly allowed the introduction of hearsay identification of the defendant Jackie Bryant. The first and fourth factors have been considered previously and will not be discussed further here.

■█ ■ With respect to the second factor, defendant has placed great emphasis on the alibi testimony of Linda Mitchell. The credibility of Mitchell's testimony, however, was properly a matter for the trial court, sitting as the trier of fact, to decide. A trial court need not accept the alibi testimony of a witness even if that witness is unimpeached. (*People v. Jackson* (1973), 54 Ill. 2d 143, 149, 295 N.E.2d 462.) Here, however, we note that there was evidence of a possible bias in that Mitchell had been defendant's girlfriend, had been intimate with him and had known his sister for several years.

The third factor on which defendant relies is that the trial court could

not have made a detached evaluation of Mitchell's credibility because of the State's improper attempt to impeach her on cross-examination.

In cross-examining Mitchell the State suggested that she had used assumed names, that she had had repeated dealings with the police and numerous changes of address. Mitchell denied these accusations which apparently were being made to show that she had a criminal background. During a recess in the trial the State discovered that its attempted impeachment concerned a different Linda Mitchell. The State informed the court that the impeachment could not be proved up and that "as far as that is concerned, it's not the same Linda Mitchell" and requested the court to disregard the predicate laid for impeachment. The court stated that in a bench trial it could disregard the impeachment and that it would "disregard the questions and answers which were posed to Linda Mitchell since the impeachment wasn't perfected." The court then stated: "I think that they have totally cleared the air, and I will disregard the line of questioning and deny your motion for a mistrial."

■■ There is a presumption that in a bench trial the court will consider only competent evidence. Resort to this presumption is unnecessary in the present case because the trial judge expressly stated that he would ignore the line of questioning of which defendant complains. Nothing in the record indicates anything to the contrary. *People v. Nuccio* (1969), 43 Ill. 2d 375, 253 N.E.2d 353, cited by defendant, is readily distinguishable on its facts. We are satisfied that defendant was proved guilty beyond a reasonable doubt.

## IV

■■ Defendant contends that the trial court abused its discretion in imposing a 20-year sentence for armed robbery after imposing a lesser sentence of 15 years for attempt murder. Although both armed robbery and attempt murder are punishable as Class X felonies (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 18—2, 8—4(c)(1)), defendant argues that attempt murder is "the more serious of the two crimes because attempt murder threatens an individual's life." From this premise and based upon the facts of this case, defendant asserts that it was an abuse of discretion for the trial court to impose a longer sentence on the armed robbery conviction than on the attempt murder conviction. He therefore asks that the sentence for armed robbery be reduced to the sentence imposed for the attempt murder, 15 years.

Defendant cites no authority for the proposition that it is improper to impose a greater sentence for armed robbery than for attempt murder and we are aware of none. In *People v. Dozier* (1974), 19 Ill. App. 3d 668, 312 N.E.2d 311, a case decided before the Class X legislation was enacted,

the court upheld concurrent sentences of 15 to 30 years for armed robbery and 15 to 20 years for attempt murder over defendant's contention that the sentences were excessive. Moreover, while defendant may be correct in stating that the attempt murder in this case was more serious than the armed robbery, defendant had two previous convictions for armed robbery, which the trial court specifically mentioned in imposing sentence. The court may well have believed that a longer sentence for armed robbery was required by virtue of defendant's prior convictions for the same offense. We cannot say that the 20-year sentence imposed for armed robbery was an abuse of discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

## V

Finally, defendant contends that his conviction for aggravated battery should be vacated and the case remanded for resentencing on the attempt murder and armed robbery convictions because the trial court erred in convicting and sentencing him for both attempt murder and aggravated battery where both offenses arose out of the same conduct and aggravated battery is a lesser included offense of attempt murder. The State concedes that the conviction and sentence for aggravated battery must be vacated (see *People ex rel. Walker v. Pate* (1973), 53 Ill. 2d 485, 489, 507, 292 N.E.2d 387; *People v. Nolden* (1980), 91 Ill. App. 3d 532, 543, 414 N.E.2d 1124), but contends that the armed robbery and attempt murder offenses should not be remanded for resentencing. We agree.

The trial court imposed separate sentences on each of defendant's convictions. This distinguishes two of the cases defendant cites in support of his argument that the cause should be remanded for resentencing on the other convictions. (See *People v. Smith* (1980), 86 Ill. App. 3d 302, 408 N.E.2d 101, and *People v. Ross* (1978), 60 Ill. App. 3d 857, 377 N.E.2d 230.) We also note that the trial court imposed greater sentences for the armed robbery and attempt murder offenses than it imposed for aggravated battery. Unlike *People v. Jones* (1980), 89 Ill. App. 3d 1030, 412 N.E.2d 683, where the court mistakenly believed aggravated battery was a Class X felony and imposed three concurrent nine-year terms for armed robbery, aggravated battery and armed violence, or *People v. Deal* (1979), 69 Ill. App. 3d 74, 387 N.E.2d 21, where the appellate court reversed the more serious of defendant's two convictions, there is nothing in this record to suggest that the trial court was influenced by the aggravated battery conviction and sentence in imposing the sentences for attempt murder and armed robbery. Accordingly, while the judgment of defendant's conviction for aggravated battery must be vacated, we affirm

the sentences on the remaining convictions of armed robbery and attempt murder.

For the reasons hereinabove stated we affirm defendant's convictions and sentences for armed robbery and attempt murder and vacate his conviction and sentence for aggravated battery.

Affirmed in part and vacated in part.

DOWNING and HARTMAN, JJ., concur.