593 A.2d 671

**Thomas Emmitt WILLIAMS**

v.

**STATE of Maryland.**

**No. 39, Sept. Term, 1989.**

Court of Appeals of Maryland.

Aug. 15, 1991.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, George E. Burns, Jr., Asst. Public Defender, all on brief), Baltimore, for petitioner.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY and McAULIFFE, and HARRY A. COLE,* WILLIAM H. ADKINS ** and ALBERT T. BLACKWELL,** Associate Judges of the Court of Appeals (retired).

ELDRIDGE, Judge.

This criminal case presents the question of whether a conviction for assault with intent to murder should merge into a conviction for attempted murder in the first degree when both convictions are based on the same act or acts.

Thomas Emmit Williams was charged in the Circuit Court for Prince Georges County with two counts of attempted murder in the first degree, two counts of assault with intent to murder, two counts of assault with intent to disfigure, one count of arson, two counts of simple assault and one count of causing a burning while perpetrating a crime.

---

* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Adkins, J., and Blackwell, J., now retired, participated in the hearing and conference of this case while active members of this Court but did not participate in the decision and adoption of this opinion.

The evidence presented at his nonjury trial established the following. The defendant had known Carla Scott for about two years, and a child was born as a result of their relationship. In August 1987, the relationship ended. After repeated unsuccessful attempts to reconcile with Ms. Scott, the defendant became depressed and, on three different occasions, contemplated suicide. On one occasion, approximately four days before the incident which is the subject of this case, he took an overdose of a painkiller known as Darvocet and washed the pills down with an insect repellant.

According to Ms. Scott's testimony, the defendant repeatedly threatened her. On one particular occasion he allegedly told her:

"You think you're so good, you're too good for me. I'll just kill you. I'll just burn you, and that way if you don't die, nobody else would ever want you."

Thereafter, the defendant went to a motel in College Park, which was Ms. Scott's place of employment. He entered the office of the motel carrying a container of gasoline. When Ms. Scott's co-worker, Craig Conin, attempted to prevent the defendant from getting near Ms. Scott, a struggle ensued. The defendant proceeded to drench both Ms. Scott and Mr. Conin with gasoline and ignited the liquid with a cigarette lighter. Eventually Ms. Scott and her co-worker were able to put out the flames and to telephone for help. As a result of the incident, Ms. Scott received second degree burns over 15% of her body, and Mr. Conin received second and third degree burns over 30% of his body.

The defendant was convicted on both counts of attempted first degree murder and on both counts of assault with intent to murder. He also was convicted of arson and causing a burning while perpetrating a crime. The trial judge imposed ten year concurrent sentences for each conviction of attempted murder and ten year concurrent sentences for each conviction of assault with intent to murder. The two concurrent sentences for assault with intent to murder, however, were consecutive to the two concurrent

sentences for attempted murder. For the convictions of arson and causing a burning while perpetrating a crime, the defendant received sentences of five and two years respectively to run concurrently with each other but consecutively to the sentences upon the other convictions. Consequently, the defendant was sentenced to a total of twenty-five years imprisonment.

The Court of Special Appeals, in an unreported opinion, held that the conviction for causing a burning while perpetrating a crime merged into the arson conviction under the rule of lenity. Therefore, the appellate court vacated the judgment on the count charging burning while perpetrating a crime. Otherwise, the appellate court affirmed. The Court of Special Appeals specifically rejected the defendant's argument that the convictions of assault with intent to murder and attempted first degree murder should merge.

The defendant filed in this Court a petition for a writ of certiorari, raising the single question of whether a conviction for attempted first degree murder and a conviction for assault with intent to murder should merge when both are based on the same act or acts. After the petition for a writ of certiorari was filed, but before this Court ruled on the petition, the Court of Special Appeals in another case held that, under the rule of lenity, a conviction for assault with intent to murder should merge into a conviction for attempted first degree murder where both convictions were based on the same act or acts. *Green v. State,* 79 Md.App. 506, 511–512, 558 A.2d 441, 443–444, *cert. denied,* 317 Md. 356, 563 A.2d 784 (1989). Thereafter we granted the defendant Williams's petition for a writ of certiorari.

■ Under settled Maryland common law, the usual rule for deciding whether one criminal offense merges into another or whether one is a lesser included offense of the other, as well as the usual rule for determining whether two offenses are deemed the same for double jeopardy purposes, when both offenses are based on the same act or acts, is the so-called "required evidence test." *See, e.g.,*

*Snowden v. State,* 321 Md. 612, 616–617, 583 A.2d 1056, 1058 (1991); *Monoker v. State,* 321 Md. 214, 217 n. 2, 219, 582 A.2d 525, 526 n. 2, 527 (1990); *Gianiny v. State,* 320 Md. 337, 342, 577 A.2d 795, 797 (1990); *Middleton v. State,* 318 Md. 749, 757, 569 A.2d 1276, 1279–1280 (1990); *White v. State,* 318 Md. 740, 742–743, 569 A.2d 1271, 1272 (1990); *Hagans v. State,* 316 Md. 429, 449, 559 A.2d 792, 801 (1989); *State v. Ferrell,* 313 Md. 291, 295, 297, 545 A.2d 653, 655–656 (1988); *Nightingale v. State,* 312 Md. 699, 702–703, 542 A.2d 373, 374–375 (1988); *State v. Jenkins,* 307 Md. 501, 517, 515 A.2d 465, 473 (1986); *Simms v. State,* 288 Md. 712, 718–719, 421 A.2d 957, 960–961 (1980); *Brooks v. State,* 284 Md. 416, 420–422, 397 A.2d 596, 597–599 (1979); *Thomas v. State,* 277 Md. 257, 262–267, 353 A.2d 240, 244–247 (1976); *Flannigan v. State,* 232 Md. 13, 19, 191 A.2d 591, 593–594 (1963); *Veney v. State,* 227 Md. 608, 611–614, 177 A.2d 883, 885–887 (1962); *Gilpin v. State,* 142 Md. 464, 466–467, 121 A. 354, 355 (1923).

The required evidence test, or "same evidence test" or "elements test" as it is sometimes called, applies to both common law offenses and statutory offenses. *Snowden v. State, supra,* 321 Md. at 617, 583 A.2d at 1059; *State v. Ferrell, supra,* 313 Md. at 297–298, 545 A.2d at 656.

The "required evidence test 'focuses upon the elements of each offense; if all of the elements of one offense are included in the other offense, so that only the latter offense contains a distinct element or distinct elements, the former merges into the latter.'" *Snowden v. State, supra,* 321 Md. at 617, 583 A.2d at 1059, quoting from *State v. Jenkins, supra,* 307 Md. at 517, 515 A.2d at 473. The test was explained in *Thomas v. State, supra,* 277 Md. at 267, 353 A.2d at 246–247, as follows:

"The required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy [and merger] purposes, even though

arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy [and merger] purposes."

Where two offenses are based on the same act or acts, and the two offenses are deemed to be the same under the required evidence test, merger follows as a matter of course. The only exception was recently set forth by Judge Orth for the Court in *Frazier v. State*, 318 Md. 597, 614–615, 569 A.2d 684, 693 (1990):

"[E]ven if offenses are deemed the same under the required evidence test, the Legislature may punish certain conduct more severely if particular aggravating circumstances are present, by imposing punishment under two separate statutory offenses."

This exception applies where the two sentences are imposed after a single trial and where the legislative intent to authorize the imposition of cumulative sentences is clear. *See, e.g., Randall Book Corp. v. State*, 316 Md. 315, 323–324, 558 A.2d 715, 719–720 (1989); *Whack v. State*, 288 Md. 137, 143–150, 416 A.2d 265, 268–271 (1980), *appeal dismissed and cert. denied*, 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981); *Newton v. State*, 280 Md. 260, 274 n. 4, 373 A.2d 262, 269 n. 4 (1977).

Before considering the application of the required evidence test to attempted first degree murder and assault with intent to murder, it would be useful to compare common law attempted murder with assault with intent to murder. The elements of attempted murder at common law, which would also be the elements of attempted second degree murder today, are "a specific intent to murder" and "some overt act in furtherance of the intent that goes beyond mere preparation." *State v. Earp*, 319 Md. 156, 162–163, 571 A.2d 1227, 1230–1231 (1990). *See, e.g., Bruce v. State*, 317 Md. 642, 646, 566 A.2d 103, 104 (1989); *Cox v. State*, 311 Md. 326, 330–331, 534 A.2d 1333, 1335 (1988); *State v. Holmes*, 310 Md. 260, 272, 528 A.2d 1279, 1284–

1285 (1987); *Hardy v. State,* 301 Md. 124, 128–130, 482 A.2d 474, 476–477 (1984).

The *mens rea* element of assault with intent to murder is identical to that of attempted murder, namely a specific intent to murder. *State v. Earp, supra,* 319 Md. at 164–165, 571 A.2d at 1231–1232; *Franklin v. State,* 319 Md. 116, 124–126, 571 A.2d 1208, 1212 (1990); *State v. Jenkins, supra,* 307 Md. at 510–515, 515 A.2d at 469–472; *Glenn v. State,* 68 Md.App. 379, 511 A.2d 1110, *cert. denied,* 307 Md. 599, 516 A.2d 569 (1986). Also, like attempted murder, the offense of assault with intent to murder requires that the murderous intent be coupled with an overt act. The difference in elements between the two offenses, however, is that the overt act required for assault with intent to murder is an assault.

Therefore, assault with intent to murder has an additional element, *i.e.,* an assault. But, because only one of the offenses has a distinct element, under the required evidence test attempted second degree murder and assault with intent to murder are deemed to be the same offense for purposes of merger. Since every assault with intent to murder will include an attempted second degree murder, and since only the former offense has a distinct element, attempted second degree murder is the lesser included offense and will merge into assault with intent to murder under the required evidence test.[1] *See Hardy v. State, supra,* 301 Md. at 129–134, 482 A.2d at 477–480; R. Perkins and R. Boyce, *Criminal Law,* 643–644 (3d ed. 1982) ("It follows that an assault with intent to commit a certain crime generally includes an attempt to commit that crime, but an attempt to commit the crime does not include an assault with intent to commit it").

On the other hand, attempted murder in the *first* degree and assault with intent to murder would not be deemed the

---

**1.** It is noteworthy that the maximum penalty for each offense is the same, namely 30 years imprisonment. *See* Maryland Code (1957, 1987 Repl.Vol.), Art. 27, §§ 12, 412(c), and 644A.

same offense under a strict application of the required evidence test. The reason, as explained in *State v. Holmes, supra,* 310 Md. at 271–272, 528 A.2d at 1284–1285, is that the offense of attempted murder in the first degree contains the additional elements of premeditation and deliberation. Although assault with intent to murder requires proof of a specific intent to murder, it does not require proof of premeditation and deliberation. Furthermore, as pointed out above, attempted murder does not require proof of an assault. "In sum, each of the offenses ... requires an element that the other does not. * * * Accordingly, these crimes do not merge under the required evidence test...." *State v. Holmes, supra,* 310 Md. at 272, 528 A.2d at 1285.[2]

Although attempted first degree murder and assault with intent to murder are not deemed the same offense under the required evidence test, this conclusion does not resolve the issue in the present case. While the required evidence test is the normal and the threshold standard for determining whether there should be a merger when two offenses are based on the same act or acts, it is not the exclusive standard under Maryland law. *Monoker v. State, supra,* 321 Md. at 222–224, 582 A.2d at 529; *White v. State, supra,* 318 Md. at 744–748, 569 A.2d at 1273–1275; *Hunt v. State,* 312 Md. 494, 510–511, 540 A.2d 1125, 1133 (1988); *State v.*

---

**2.** In holding that the offenses do not "merge" under the required evidence test, the *Holmes* opinion was responding to the defendant's argument that, under the required evidence test, attempted first degree murder should merge into assault with intent to murder, and that, therefore, the maximum sentence which could be imposed upon the defendant was 30 years imprisonment instead of the life sentence which had been imposed for the attempted first degree murder conviction. The *Holmes* case did not involve the issue of multiple sentences; it was not a situation like the present case where the defendant received sentences for both attempted murder and for assault with intent to murder. Moreover in *Holmes* the only "merger" argument was based on the required evidence test, and the Court did not consider whether there should be a merger on any other basis or whether assault with intent to murder should for certain purposes be treated as a lesser included offense of attempted first degree murder.

*Jenkins, supra,* 307 Md. at 518–521, 515 A.2d at 473–475, and cases there cited.

When two offenses do not merge under the required evidence test, we have applied as a principle of statutory construction the "rule of lenity," which "provides that doubt or ambiguity as to whether the legislature intended that there be multiple punishments for the same act or transaction ' "will be resolved against turning a single transaction into multiple offenses." ' " *White v. State, supra,* 318 Md. at 744, 569 A.2d at 1273, quoting *Simpson v. United States,* 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70, 78 (1978) (quoting *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910–911 (1955)). *See, e.g., Hunt v. State, supra,* 312 Md. at 510, 540 A.2d at 1133; *State v. Jenkins, supra,* 307 Md. at 518–521, 515 A.2d at 473–475. *See also Monoker v. State, supra,* 321 Md. at 223, 582 A.2d at 529 (pointing out that the rule of lenity is applicable where both offenses are statutory or where one offense is statutory and the other is a common law crime).

In addition to the rule of lenity, we have looked to other considerations in deciding whether two offenses, when based on the same conduct, should be deemed the same. As Judge Cole for the Court explained in *White v. State, supra,* 318 Md. at 745–746, 569 A.2d at 1274,

"like other canons of statutory construction, the rule of lenity is neither absolute nor exclusive. Other considerations may also be applicable in arriving at a principled decision.... For example, in deciding merger questions, we have examined the position taken in other jurisdictions. We have also looked to whether the type of act has historically resulted in multiple punishments. *See Jenkins,* 307 Md. at 518–21, 515 A.2d at 473–75; *State v. Boozer,* 304 Md. 98, 497 A.2d 1129 (1985). The fairness of multiple punishments in a particular situation is obviously important. *See State v. Oliver,* 302 Md. 592, 611 n. 12, 490 A.2d 242, 251 n. 12 (1985); *Brooks,* 284 Md. at 423, 397 A.2d at 599–600. *Cf. Cousins v. State,* 277 Md.

383, 397, 354 A.2d 825, 833, *cert. denied,* 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976)."

More recently, in *Monoker v. State, supra,* 321 Md. at 222–223, 582 A.2d at 529, we held that, under the circumstances there presented, the offense of soliciting one to perform a criminal act should merge into conspiracy to commit the same act, saying:

"[B]ecause the solicitation was part and parcel of the ultimate conspiracy and thereby an integral component of it, it would be fundamentally unfair to Monoker for us to require him to suffer twice...."

■ As mentioned earlier, where there is merger based upon the required evidence test, the offense not having a distinct element merges into the offense having a distinct element. *State v. Jenkins, supra,* 307 Md. at 517, 521, 515 A.2d at 473; *Johnson v. State,* 283 Md. 196, 388 A.2d 926 (1978). Where two offenses do not merge under the required evidence test, however, and where merger is based on the rule of lenity or on other considerations, the offense carrying the lesser maximum penalty merges into the offense carrying the greater penalty. *See, e.g., White v. State, supra,* 318 Md. at 747, 569 A.2d at 1274; *State v. Jenkins, supra,* 307 Md. at 521, 515 A.2d at 475.

■ Turning to the present case, it is clear from the record that the attempted first degree murder charges and the assault with intent to murder charges were based on the same acts, namely drenching the two victims with gasoline and igniting the gasoline. Under these circumstances, the two convictions for assault with intent to murder should merge into the two convictions for attempted first degree murder.

Although attempted murder, as well as simple assault and battery, are common law offenses, the aggravated assaults, including assault with intent to murder, are creatures of statute. There has never been any indication, in either statutory provisions or legislative history or this Court's opinions, that one of the purposes in establishing

the offense of assault with intent to murder was to compound the punishment for attempted murder. Consequently, the rule of lenity is applicable and leads to the conclusion that the General Assembly did not intend that multiple punishments be imposed when the same acts constitute attempted first degree murder and assault with intent to murder.

Moreover, cases elsewhere consistently take the position that where charges of attempted homicide (regardless of degree) and assault with intent to murder (or aggravated battery which is the pertinent offense in many jurisdictions) are based on the same conduct, convictions and sentences on both charges will not be sustained. *See, e.g., Carawan v. State,* 515 So.2d 161, 170–171 (Fla.1987) (the defendant was charged with attempted first degree murder and aggravated battery, and convicted and sentenced for attempted manslaughter and aggravated battery, based on his shooting and wounding the victim with a shotgun, and the Florida Supreme Court, applying the rule of lenity, held that one of the convictions must be vacated); *State v. Boivin,* 487 So.2d 1037, 1038 (Fla.1986) ("We find ... no legislative intent or recognition that society needs multiple punishments for both aggravated battery and attempted first-degree murder"); *People v. Worthen,* 105 Ill.App.3d 386, 392–393, 61 Ill.Dec. 270, 275, 434 N.E.2d 423, 428 (1982) (where attempted murder and aggravated battery convictions both arose out of the same conduct, the conviction and sentence for aggravated battery was vacated); *Hughett v. State,* 557 N.E.2d 1015, 1017 (Ind.1990) ("Battery is not an inherently included offense of attempted murder, but where, as here, the charging instrument alleges attempted murder by means of infliction of a wound, battery is an included offense"); *State v. Turbeville,* 235 Kan. 993, 995, 686 P.2d 138, 142–143 (1984) (where charges of aggravated battery and attempted murder against defendant were both based on the same act, the conviction and sentence for aggravated battery was set aside); *State v. Garnes,* 229 Kan. 368, 373–374, 624 P.2d 448, 453 (1981) (attempted

murder and "aggravated battery by stabbing" deemed the same offense); *Com. v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983) (aggravated assault conviction merged into attempted murder conviction).

Considerations of fairness and reasonableness reinforce our conclusion. As previously discussed, where a defendant is found guilty of both attempted second degree murder and assault with intent to murder based on the same conduct, he may only be sentenced for one offense. Thus, his maximum sentence would be 30 years imprisonment. *See* footnote 1, *supra.* Where the aggravating elements of premeditation and deliberation are present, they are reflected in the increased maximum punishment for attempted first degree murder, which is life imprisonment. Premeditation and deliberation, however, are not elements of assault with intent to murder. There is no reason, therefore, why the presence of premeditation and deliberation should be reflected in anything other than the increased maximum punishment for attempted murder. The presence of these elements, associated solely with the attempted murder offense, should not be a basis for both increasing the maximum punishment for attempted murder and for allowing multiple punishments.

A comparison of the offenses here involved with the offense of murder is also instructive. Under a strict application of the required evidence test, some forms of murder would be deemed the same offense and some would not. For example, under the required evidence test second degree murder involving an intent to kill is a lesser included offense of, and thus deemed the same offense as, deliberate and premeditated first degree murder under Code (1957, 1987 Repl.Vol.), Art. 27, § 407. First degree murder under Art. 27, § 407, and felony murder under Art. 27, § 410, however, each have distinct elements and would not be deemed the same offense under the required evidence test. *See White v. State, supra,* 318 Md. at 746, 569 A.2d at 1274; *Huffington v. State,* 302 Md. 184, 188–189, 486 A.2d 200, 202–203 (1985), *cert. denied,* 478 U.S. 1023, 106 S.Ct. 3315,

92 L.Ed.2d 745 (1986). Nevertheless, those homicide offenses which would not be deemed the same under the required evidence test are generally treated as the same offense for multiple punishment and successive trial purposes. *Huffington v. State, supra,* 302 Md. at 189, 486 A.2d at 202. Thus, if one wilfully, with deliberation and premeditation, kills a person in the course of an armed robbery, he cannot receive both a sentence for deliberate and premeditated murder under Art. 27, § 407, and a separate sentence for felony murder under Art. 27, § 410. "In Maryland the homicide of one person ordinarily gives rise to a single homicide offense, and multiple prosecutions or punishments for different homicide offenses, based on the slaying of one person, are generally precluded." *Huffington v. State, supra,* 302 Md. at 189 n. 4, 486 A.2d at 203 n. 4. In a sense, the offenses of attempted murder and assault with intent to murder take the place of murder when the defendant intends to kill the victim, acts in furtherance of that intent, but the victim survives. For sentencing purposes, it would be illogical to treat the various homicide offenses as a single offense when the victim dies but not to treat the substitutional offenses of attempted murder and assault with intent to murder as a single offense when the victim lives.

Under the position urged by the State in this case, if a defendant, with premeditation, deliberation, and a specific intent to kill, beats the victim with his fists until the victim dies, the defendant would be guilty of only one homicide offense, first degree murder, and would be subject to a single maximum punishment of life imprisonment.[3] Never-

---

3. The defendant also, of course, would be guilty of common law battery and of assault with intent to kill. Both at common law and under the decisions today, however, where a defendant is convicted of murder based on a battery (or today also based on an aggravated assault), the battery or assault merges into the murder. *See, e.g., Oliver v. State,* 53 Md.App. 490, 506, 454 A.2d 856, 865, *cert. denied,* 296 Md. 61 (1983); *Mills v. State,* 476 So.2d 172, 177 (Fla.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986); *State v. Smith,* 245 Kan. 381, 390–392, 781 P.2d 666, 673–674 (1989); *Com-*

theless, under the State's position, where the defendant with the identical state of mind engages in the same conduct, but the victim lives, the defendant would be guilty of both attempted first degree murder and assault with intent to murder and would be subject to maximum sentences of life imprisonment for attempted murder plus 30 years imprisonment for assault with intent to murder. Such an anomalous result should be avoided.

Therefore, the defendant's convictions for assault with intent to murder merged into the convictions of attempted first degree murder. No sentences should have been imposed on the guilty verdicts of assault with intent to murder.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND VACATED IN PART, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE THE SENTENCES FOR ASSAULT WITH INTENT TO MURDER. COSTS IN THIS COURT TO BE PAID BY PRINCE GEORGE'S COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS TO BE PAID ONE–HALF BY THE PETITIONER AND ONE–HALF BY PRINCE GEORGE'S COUNTY.

monwealth v. Hailey, 470 Pa. 488, 507 n. 11, 368 A.2d 1261, 1271 n. 11 (1977); 1 W. Burdick, *The Law of Crime*, § 85 (1946); R. Perkins and R. Boyce, *Criminal Law*, 158 (3d ed. 1982).