579 A.2d 766

**STATE of Maryland**

v.

**Steven Chris OWENS.**

**No. 56, Sept. Term, 1988.**

Court of Appeals of Maryland.

Sept. 26, 1990.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS * and BLACKWELL,** JJ.

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision of this opinion.

McAULIFFE, Judge.

In this case, we must decide whether an individual found to have distributed marihuana coated with phencyclidine (PCP) is subject to separate conviction and punishment for distribution of each of two controlled dangerous substances.

Respondent, Steven Chris Owens, was charged with distribution of PCP, distribution of marihuana, and conspiracy to violate the controlled dangerous substance law. At trial, an undercover Anne Arundel County police officer testified that on 18 August 1986, Owens aided Jeffrey Dan Ray in the sale of "loveboat" in the Woodland Beach area of Anne Arundel County. Loveboat is the street name for marihuana laced with PCP.

A jury sitting in the Circuit Court for Anne Arundel County found Owens guilty of all three charges. The trial judge sentenced Owens to four years imprisonment on each count, all to run concurrently. Owens appealed and the Court of Special Appeals, in an unreported opinion, affirmed Owens's convictions for distribution of marihuana and for conspiracy but vacated the conviction for distribution of PCP by merging it into the marihuana distribution conviction. We granted the State's petition for certiorari.

The State contends that loveboat consists of two different controlled dangerous substances that are subject to two different penalties. The State maintains that the legislature, in enacting Article 27, § 286, intended to permit multiple prosecutions for simultaneous distribution of controlled substances listed under different schedules. Alternatively, the State argues that if there must be a merger, the offense carrying the lesser penalty (distribution of marihuana) should merge into the greater offense (distribution of PCP).

Respondent contends that because he performed only one act of distribution, he should be subject to only one conviction for distribution. He also argues that when two controlled dangerous substances are combined in such a way that they can never again be divided into two separate

substances, a single distribution of the resulting product cannot support multiple convictions.

Maryland Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.) Article 27, § 286(a) of the Maryland Controlled Dangerous Substances Act prohibits the manufacture, distribution or possession of any controlled dangerous substance. The statute provides in pertinent part:

(a) Except as authorized by this [Act], it is unlawful for any person: (1) [t]o manufacture, distribute, or dispense, or to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to manufacture, distribute, or dispense, a controlled dangerous substance....

The penalty subsection provides:

(b) Any person who violates any of the provisions of subsection (a) with respect to:

(1) A substance classified in Schedules I or II which is a narcotic drug is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $25,000, or both.

(2) Phencyclidine ... is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $20,000, or both.

(3) Any other controlled dangerous substance classified in Schedule I, II, III, IV, or V shall, upon conviction, be deemed guilty of a felony and sentenced to a term of imprisonment for not more than 5 years or a fine of not more than $15,000, or both.

The Act establishes a classification of controlled dangerous substances into five separate schedules based upon the potential for abuse of a drug, the degree of psychic or physical dependence associated with the drug, and the drug's acceptability for medical use. *See Cunningham v. State*, 318 Md. 182, 567 A.2d 126 (1989). Marihuana is listed in Schedule I and PCP is listed in Schedule II. Neither is classified as a narcotic drug. "Loveboat" is not separately listed on any schedule.

Our task is to determine the legislative intent in this case, and thus the appropriate unit of prosecution. We faced a similar problem in *Randall Book Corp. v. State*, 316 Md. 315, 558 A.2d 715 (1989), where we said:

> The multiple sentence-single statute problems, with which we are concerned here, embrace a wide range of factual situations and statutory provisions. The key, of course, is legislative intent. As helpful as the various rules of statutory construction may be in determining legislative intent, perhaps the soundest guidance comes from the Supreme Court's admonition that we give the language of a statute a 'commonsensical meaning.' *United States v. Universal Corp.*, 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952).

*Id.* at 324, 558 A.2d 715. The variety of factual situations involving simultaneous possession of two or more controlled dangerous substances necessarily embrace a wide spectrum. At one end of the spectrum is the defendant found with a brick of marihuana and a separate one-pound bag of cocaine in the trunk of his car. Although the possession of each substance is simultaneous, each substance is separate and the possession of each clearly constitutes a separate offense.

At the other end of the spectrum is the defendant found in possession of heroin, who the State seeks to charge with separate counts of possession of heroin and possession of morphine. The theory of such a prosecution would be that heroin is derived from morphine, and heroin continues to contain molecules of morphine even after it is compounded into heroin. One who possesses heroin, therefore, also possesses morphine. Assuming the scientific validity of this proposition, we think it clear that the legislature did not intend separate prosecutions and punishments for possession of the heroin and possession of the morphine contained within it.

Due to the misdirected ingenuity of many persons who deal in the manufacture, distribution, and use of controlled dangerous substances, one may be certain that there will be

any number of combinations falling at various places along the spectrum just described. We addressed one such instance in *Cunningham v. State, supra,* 318 Md. 182, 567 A.2d 126. The instant case presents another.

In *Cunningham,* the defendant possessed, within a single bag, quantities of heroin and cocaine. The two substances were not, however, mixed or compounded in such a way that they could not be readily separated. The heroin was contained in five plastic envelopes; the cocaine was in 15 separate capsules. The two substances were mixed only in the sense that the envelopes and the capsules were in the same bag. Noting that the history of controlled drug legislation in this State, and indeed in this country, has been "to turn the screw of the criminal machinery ... tighter and tighter," 318 Md. at 189, 567 A.2d 126, quoting *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981), this Court held that the legislature intended the possibility of separate punishment for the simultaneous possession of controlled dangerous substances under those circumstances. The Court noted, however, that:

> [w]e do not here decide whether a defendant may be given separate sentences for controlled dangerous substances that have been mechanically or chemically combined in such manner that at the time of possession it is not possible, in any practical sense, to separate them.

318 Md. at 188 n. 2, 567 A.2d 126.

The instant case involves marihuana that has been "laced" with phencyclidine (PCP)—that is, the marihuana has been dipped into, or sprayed with, PCP. Although this process does not involve chemical changes in either of the substances used, it mechanically binds the two together in a way that renders it impossible, in any practical sense, to separate them. This fact places this case more toward the end of the spectrum involving a controlled substance or compound that chemically contains another controlled dangerous substance, *e.g.,* heroin containing molecules of morphine, than toward the other end represented by separate

controlled dangerous substances separately packaged and available for separate sale, distribution, or use.

An analogy may be drawn to the making of a martini by mixing together gin and vermouth, two alcoholic beverages. Maryland Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.) Article 27, § 400A makes it a civil offense for "any person under the age of 21 years to have in his possession ... any alcoholic beverage...." Surely, if a person under 21 is detected drinking a martini, he is not guilty of two offenses.

Taking a common sense view of the matter, we are simply not persuaded that the legislature intended separate prosecutions and punishments for possession of PCP and possession of marihuana where the two substances have been, for all practical purposes, irrevocably joined as one.

We held, in *State v. Jenkins*, 307 Md. 501, 521, 515 A.2d 465 (1986), that "where there is merger by legislative intent, the offense carrying the lesser maximum penalty merges into the offense carrying the greater penalty." Accordingly, the conviction and sentence for distribution of PCP must be reinstated, and the conviction for distribution of marihuana vacated.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE CONVICTIONS OF CONSPIRACY AND OF DISTRIBUTION OF PCP, AND TO VACATE THE CONVICTION FOR DISTRIBUTION OF MARIHUANA; COSTS IN THE COURT OF SPECIAL APPEALS TO BE DIVIDED EQUALLY BETWEEN RESPONDENT AND ANNE ARUNDEL COUNTY; COSTS IN THIS COURT TO BE PAID BY ANNE ARUNDEL COUNTY.

COLE, J., dissents.

COLE, Judge, dissenting.

To me, the majority's decision sets a very dangerous precedent. Throughout the state, drug dealers can feel safe in the knowledge that all they must do to avoid

conviction on several counts of possession or distribution of controlled dangerous substances is dump all their "wares" into one container before being apprehended by the police. This is clearly not the message we should be sending to those in the drug community. Drugs in today's society are a deadly and pervasive problem. Drug distributors are the root of that problem. A rule that is even the slightest bit lenient in favor of drug dealers is completely incongruous with the heinousness of their acts.

Such a soft approach is also incongruous with the clear legislative intent to punish drug distributors heavily. A quick glance at the harsh sentences provided for in the penalty section of Article 27, section 286 of the Maryland Controlled Dangerous Substances Act reveals that intent. Combining two dangerous drugs into one even more lethal combination should not enable drug dealers to avoid extra punishment. Nor should this Court circumvent the clear legislative mandate. Owens should have been convicted for both distribution of PCP and of marijuana (as well as for the conspiracy charge). Therefore, I dissent.