596 A.2d 648

**James E. DICKERSON**

**v.**

**STATE of Maryland.**

**No. 148, Sept. Term, 1990.**

Court of Appeals of Maryland.

Oct. 9, 1991.

Michael R. Malloy, Asst. Public Defender, Stephen E. Harris, Public Defender, Baltimore, on brief, for petitioner.

M. Jennifer Landis, Asst. Atty. Gen., J. Joseph Curran, Jr., Atty. Gen., on brief, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

The issue to be decided in this case is whether dual convictions for possession of cocaine with intent to distribute and for use of drug paraphernalia lie when the latter conviction is based solely on the possession of the vial containing the cocaine on which the former conviction is based. The Court of Special Appeals, reasoning that, because they are separate offenses, they do not merge, answered "Yes." We granted the Writ of Certiorari requested by petitioner James E. Dickerson and now reverse.

The facts out of which this case arose are simple and straightforward. Petitioner was a passenger in a car that

was stopped by the police after it had been clocked, by radar, proceeding at a speed in excess of the posted limit. When a Crown Royal bag containing a vial of crack cocaine was discovered between the front seats, he and the driver were arrested. Based solely on the vial which contained the cocaine, petitioner was charged with violation of Maryland Code Ann. art. 27, § 287A(c) (1957, 1987 Repl.Vol.), use of drug paraphernalia,[1] and art. 27, § 286(a)(1), (1990 Cum. Supp.), possession of the cocaine in the vial with intent to distribute.[2] He was convicted of both charges.

Petitioner argued in the Court of Special Appeals that the Legislature did not intend to permit dual convictions when the drug paraphernalia conviction is premised solely on the use of the container in which the cocaine forming the basis for the distribution offense was found. In addition, he urged that, if the legislative intent is not clear—there is an ambiguity—, then the rule of lenity requires the court to resolve the ambiguity in his favor. In affirming the judgment of the lower court, the Court of Special Appeals, in an unreported opinion, reasoned:

The paraphernalia involved in this case is limited to the vial containing the cocaine. The sentence was suspended

---

1. That section provides:

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain or conceal a controlled dangerous substance in violation of this subheading. Any person who violates this subsection is guilty of a misdemeanor and upon conviction for a first offense may be fined not more than $500. A person who is convicted of a subsequent violation of this subsection may be imprisoned for not more than 2 years or fined not more than $2,000 or both. Any person convicted of violating this subsection who previously has been convicted of violating subsection (d)(2) shall be subject to the same penalties specified for subsequent violations of this subsection.

Hereinafter, unless otherwise indicated, all references are to Article 27 of the Code (1957, 1987 Repl.Vol.).

2. Section 286(a)(1) makes it unlawful "to possess a controlled dangerous substance in sufficient quantity to reasonably indicate under all circumstances an intent to ... distribute...."

generally and we conclude that the $500.00 fine was not imposed. Md. Code, article 27, sec. 287(d)(2), relating to drug paraphernalia, refers to "gelatin capsules, glassine envelopes, or any other container suitable for packaging of individual quantities of controlled dangerous substances...." A vial is no different. Under the required evidence test for merger, appellant's argument for merger of the drug paraphernalia charge into the possession with intent to distribute charge fails. Each offense contains an element which the other does not. Concerning paraphernalia, the State must prove possession with an intent to use the paraphernalia. In possession with intent to distribute, the State must prove an intent to circulate some or all of the drug. Each offense requires proof of a fact that the other does not. There is no merger.... (Citations omitted)

Section 287A(a) defines "drug paraphernalia" as:

[A]ll equipment, products, and materials of any kind which are used, intended for use, or designed for use, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled dangerous substance in violation of this subheading....

By way of example, that section lists 12 categories of items included in the definition. Two of them are relevant to the case *sub judice:*

(9) Capsules, balloons, envelopes and other containers used, intended for use, or designed for use in packaging small quantities of controlled dangerous substances;

(10) Containers and other objects used, intended for use, or designed for use in storing or concealing controlled dangerous substances.

Section (b) recognizes that objects which are not necessarily drug paraphernalia may nevertheless be drug parapher-

nalia, by virtue of their use or the surrounding circumstances; therefore, as an aid to the trier of fact, it provides:

(b) *Factors in determining whether object is drug paraphernalia.*—In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, the following:

(1) Statements by an owner or by anyone in control of the object concerning its use;

(2) Prior convictions, if any, of an owner, or of anyone in control of the object, under any State or federal law relating to any controlled dangerous substance;

(3) The proximity of the object, in time and space, to a direct violation of this section or to a controlled dangerous substance;

(4) The existence of any residue of controlled dangerous substances on the object;

(5) Direct or circumstantial evidence of the intent of the owner, or of anyone in control of the object, to deliver it to persons whom he knows, or should reasonably know, intend to use the object to facilitate a violation of this section; the innocence of an owner, or of anyone in control of the object, as to a direct violation of this section shall not prevent a finding that the object is intended for use, or designed for use as drug paraphernalia;

(6) Instructions, oral or written, provided with the object concerning its use;

(7) Descriptive materials accompanying the object which explain or depict its use;

(8) National and local advertising concerning its use;

(9) The manner in which the object is displayed for sale;

(10) Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products;

(11) Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise;

(12) The existence and scope of legitimate uses of the object in the community;

(13) Expert testimony concerning its use.

Focusing on the definition of drug paraphernalia, petitioner argues that § 287A "is aimed at the possession of items whose purpose goes beyond merely containing the drugs that a defendant possesses." And, given the definition of paraphernalia[3], he continues, interpreting § 287A as permitting a conviction based solely on the use of the container for the drugs gives the statute a "strained interpretation"; under such interpretation, two convictions *must* lie whenever one possesses a controlled dangerous substance. He reasons: "[u]nless it is in the form of smoke, a controlled dangerous substance must always be contained in or on some object. 'Drug paraphernalia' could include a shirt pocket, underwear, an automobile seat, or a human hand."

Petitioner also relies upon *State v. Owens*, 320 Md. 682, 688, 579 A.2d 766, 768 (1990), and *Davis v. State*, 319 Md. 56, 62, 570 A.2d 855, 858 (1990). In *Owens*, we held that the General Assembly did not intend "separate prosecutions and punishments for possession of PCP and possession of marijuana where the two substances have been, for all practical purposes, irrevocably joined as one." In *Davis*, we rejected the State's argument that a glass jar and other items used to coat parsley with PCP constituted a device adopted for the production of PCP.

Not surprisingly, the State takes the opposite view, arguing "the vial at issue in this case is clearly an item of

---

**3.** 11 The Oxford English Dictionary 203 (2d ed.1989), which petitioner cites, defines "paraphernalia" as:

Personal belongings, *esp.* articles of adornment or attire, trappings; also, the articles that compose an apparatus, outfit, or equipment; the mechanical accessories of any function or complex scheme; appointments or appurtenances in general.

paraphernalia, as defined in § 287A, since it is a container used to store and conceal cocaine." It recommends that we make "a common sense reading of § 287A, in light of the Legislature's declared intent in § 276,"[4] which would support the trial court's decision and mandate the conclusion that the Legislature intended separate prosecutions and penalties for violations of both § 287A and § 286(a)(1) notwithstanding that both, especially under these circumstances, address closely related conduct.

The State also argues that *Owens* and *Davis* are inapposite. Unlike *Owens*, it reminds us, the cocaine and the vial which contained it are not "irrevocably joined as one." *Davis* is distinguished on the basis that, at issue there was the sufficiency of the evidence to sustain the conviction, while here, that issue is not before us.

Petitioner was charged and convicted under two separate statutes, § 286 and § 287A, each addressing different conduct. Focusing on what the State must minimally prove to sustain a conviction under each statute makes clear that

---

4. The Legislature's purpose in enacting the Maryland Controlled Dangerous Substance Act in 1970 is enumerated in § 276(a) and (b):
(a) The General Assembly ... finds and declares that the illegal manufacture, distribution, possession, and administration of controlled dangerous substances have a substantial and detrimental effect on the health and general welfare of the people of the State of Maryland. It is the purpose of this subheading to establish a uniform law controlling the manufacture, distribution, possession, and administration of controlled dangerous substances and related paraphernalia in order to ensure their availability for legitimate medical and scientific purposes, but to prevent their abuse which results in a serious health problem to the individual and represents a serious danger to the welfare of the people of the State of Maryland.
(b) The provisions of this subheading shall be liberally interpreted and construed so as to effectuate its general purpose as stated hereinabove.
In *Randall Book Corp. v. State*, 316 Md. 315, 327, 558 A.2d 715, 721 (1989), quoting *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144; 67 L.Ed.2d 275, 284 (1981), we said that this purpose indicates the Legislature's resolve to "turn the screw of the criminal machinery—detection, prosecution and punishment—tighter and tighter."

this is so. *See Thomas v. State,* 277 Md. 257, 267, 353 A.2d 240, 246–47 (1976). Section 286(a)(1) proscribes possession of a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to distribute it. On the other hand, § 287A(c), as relevant to the case *sub judice,* prohibits the use of drug paraphernalia to "contain", "store" or "conceal" a controlled dangerous substance. Proof that drug paraphernalia was used in connection with the possession of a controlled dangerous substance is not necessary when the charge is possession of that controlled dangerous substance with intent to distribute it. Similarly, although its presence in at least a trace amount may be probative of the item's nature, *see* § 287A(b)(4), proof that the accused possessed a controlled dangerous substance, with or without the intent to distribute, is not required to prove use of drug paraphernalia. Particularly is this the case where the possession is constructive,[5] not actual, and is under circumstances, unlike those *sub judice,* where the controlled dangerous substance *is not* in a container.

We are here concerned with multiple convictions, and punishment, imposed after a single trial and in respect of conduct, *i.e.,* the possession of a single vial containing cocaine, which, though different, is also closely related. Consequently, the issue that we must address is whether, when it enacted § 287A, the Legislature intended that two convictions result whenever a container is used to contain, store or conceal a controlled dangerous substance. *See Randall Book Corp. v. State,* 316 Md. 315, 323–24, 558 A.2d 715, 719–20 (1989).

To determine legislative intent, "we look first to the words of the statute, read in light of the full context in which they appear, and in light of external manifestations

---

5. Of course, it is well settled that possession need not be actual; it may be constructive. *See Livingston v. State,* 317 Md. 408, 414, 564 A.2d 414, 418 (1989); *Garrison v. State,* 272 Md. 123, 128, 321 A.2d 767, 770 (1974).

of intent or general purpose available through other evidence." *Cunningham v. State,* 318 Md. 182, 185, 567 A.2d 126, 127 (1989). *See also State v. Bricker,* 321 Md. 86, 92, 581 A.2d 9, 12 (1990); *Davis,* 319 Md. at 60, 570 A.2d at 857; *Kaczorowski v. City of Baltimore,* 309 Md. 505, 513, 525 A.2d 628, 632 (1987). In so doing, we give the language of the statute its ordinary and common meaning. *Bricker,* 321 Md. at 92, 581 A.2d at 12; *Harford County v. University,* 318 Md. 525, 529, 569 A.2d 649, 651 (1990); *NCR Corp. v. Comptroller,* 313 Md. 118, 124–25, 544 A.2d 764, 767 (1988); *Comptroller v. American Satellite Corp.,* 312 Md. 537, 544, 540 A.2d 1146, 1150 (1988); *Jones v. State,* 304 Md. 216, 220, 498 A.2d 622, 624 (1985). Moreover, we approach the analysis of the language from a commonsensical, rather than a technical, perspective, *see United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260, 264 (1952); *Owens,* 320 Md. at 688, 579 A.2d at 768, always seeking to avoid giving the statute a strained interpretation or one that reaches an absurd result. *Baltimore Cty. C.A.U.T. v. Baltimore Cty.,* 321 Md. 184, 203, 582 A.2d 510, 519 (1990); *Bricker,* 321 Md. at 92, 581 A.2d at 12; *D & Y, Inc. v. Winston,* 320 Md. 534, 538, 578 A.2d 1177, 1179 (1990); *Davis,* 319 Md. at 61, 570 A.2d at 858; *Harford County v. University,* 318 Md. at 529–30, 569 A.2d at 651; *Potter v. Bethesda Fire Dept.,* 309 Md. 347, 353, 524 A.2d 61, 64 (1987); *Schweitzer v. Brewer,* 280 Md. 430, 438–39, 374 A.2d 347, 352 (1977); *Slate v. Zitomer,* 275 Md. 534, 544, 341 A.2d 789, 795 (1975), *cert. denied, sub nom., Gasperich v. Church,* 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976). In fact, "unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result." *D & Y, Inc.,* 320 Md. at 538, 578 A.2d at 1179–80, quoting 2A *Sutherland Statutory Construction,* § 45.12 (4th ed.1984). When the language is clearly consistent with the apparent purpose of the statute and the

result is not absurd, no further research is required. *Kaczorowski*, 309 Md. at 515, 525 A.2d at 633.

When a statute is interpreted "in context", its "general history and [the] prevailing mood of the legislative body with respect to the type of criminal conduct involved," are considered. *Randall Book*, 316 Md. at 327, 558 A.2d at 721. *See also Cunningham*, 318 Md. at 185, 567 A.2d at 127. Thus, it is relevant that Maryland has strict drug laws, which are to be liberally construed to accomplish their purpose. *Davis*, 319 Md. at 61, 570 A.2d at 858; *Owens*, 320 Md. at 687, 579 A.2d at 768; *Randall Book*, 316 Md. at 327, 558 A.2d at 721. But it is also relevant that § 287A is a penal statute. Such statutes are to be strictly construed, *Wynn v. State*, 313 Md. 533, 539, 546 A.2d 465, 468 (1988); *Jones*, 304 Md. at 220, 498 A.2d at 624, so that only punishment contemplated by the language of the statute is meted out. *Davis*, 319 Md. at 61, 570 A.2d at 858; *State v. Archer*, 73 Md. 44, 57, 20 A. 172, 173 (1890); *Cearfoss v. State*, 42 Md. 403, 407 (1875).

Neither the language of § 287A nor its legislative history indicates that the General Assembly intended, by its enactment, that two convictions and, hence, double punishment, result whenever, under circumstances like those *sub judice*, both §§ 287A and 286 are violated. Moreover, there is no intent evident in those sources, or in this Court's opinions, that a purpose of § 287A is to enhance the punishment for possessing a controlled dangerous substance. *Williams v. State*, 323 Md. 312, 322–23, 593 A.2d 671, 676 (1991). Section 287A provides another front on which to fight the war on drugs; by outlawing the implements which are designed primarily for use with, or to facilitate, drug use, and prosecuting those who violate those laws, it makes more effective the war against the drugs themselves.

Here, the only conceivable purpose of the vial was to contain, store, or conceal the cocaine which formed the basis for petitioner's conviction for possession with intent to distribute. Because it was used for that purpose in contra-

vention of § 287A, the vial was drug paraphernalia. Of that, there can be no question. The issue is not thereby resolved, however.

The definition of drug paraphernalia is extremely broad; within it are included virtually everything in, or on, which something may be contained, stored, concealed or packaged. Given the breadth of the drug paraphernalia definition and the characteristics of many illegal drugs, it is clear that some of those drugs may only be possessed through the use of drug paraphernalia. That is certainly true of cocaine; unless held in the hand,[6] cocaine, be it in the form of crack, as in this case, or a powder, may be possessed only with the aid of some kind of equipment, product, and/or material. In this case, the vial was used as drug paraphernalia, of course, which use as such was also incidental and necessary to petitioner's possession of the cocaine which it contained. Under the circumstances here presented, then, since the use of the vial had no purpose other than to contain the cocaine, for the possession of which petitioner has been convicted and sentenced, the possession of cocaine necessarily involved the use of drug paraphernalia. We do not believe the Legislature intended separate punishment for possession of the vial, which contained the cocaine.

Although the cocaine petitioner possessed and the vial he used to possess it are not "for all practical purposes, irrevocably joined as one", *Owens*, 320 Md. at 688, 579 A.2d at 768, the facts of this case place it closer to that end of the spectrum than to the other, where, for all practical purposes, there is no necessary connection between the two acts. Viewing the matter from a common sense perspective, we are persuaded that the Legislature did not intend, by enactment of § 287A, to sanction dual convictions under the circumstances *sub judice*.

---

**6.** Arguably, the human hand cannot be drug paraphernalia, since it would not seem to be equipment, products or materials, as those terms are commonly defined.

It is the State's position that, in most instances,[7] dual convictions are not only permitted, but were contemplated, and intended, by the Legislature. This position represents a strained interpretation of § 287A, which is productive of results that are illogical and unreasonable. For example, under this view, possession of a single marijuana cigarette would produce two convictions: one for possession of marijuana and, because the cigarette paper is a "container" for the marijuana, another for use of drug paraphernalia.[8] Similarly, because cocaine must be contained in something, the concealment of a single piece of crack cocaine in an accused's shirt pocket, or even in an ordinary paper bag, would also give rise to two convictions—for the possession and, the shirt pocket and paper bag being containers, for use of drug paraphernalia. Indeed, because drug paraphernalia may be, by virtue of use, almost anything, even items with no special characteristics making them suitable for use in connection with drug use, the State's position, as petitioner argues, would authorize two convictions for virtually every possession charge.

We hold that, when there is no other drug paraphernalia, a defendant may only be convicted of possessing cocaine with the intent to distribute, even though the cocaine possessed is in a vial, which is thereby being used as drug paraphernalia.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART AND THE CASE REMANDED TO THE COURT OF SPECIAL

---

**7.** At oral argument, the State initially argued that dual convictions were intended in every case. Later, upon questioning during oral argument it moderated its position to "most cases."

**8.** Initially, reflective of its moderated view, the State at oral argument rejected the suggestion that a separate conviction for drug paraphernalia was appropriate for the cigarette paper in which marijuana is wrapped to make a marijuana cigarette. Later, however, recognizing the consistency of that position with its argument, the State seemed to accept the proposition that the possession of a marijuana cigarette does give rise to two convictions.

APPEALS WITH DIRECTIONS TO REVERSE THE DRUG PARAPHERNALIA CONVICTION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY WICOMICO COUNTY.

McAULIFFE, Judge, dissenting.

I agree with the Court of Special Appeals that separate convictions and sentences are permitted for the crimes of possession of a controlled dangerous substance (or possession with intent to distribute) and use of drug paraphernalia, even when the paraphernalia is the container in which the controlled dangerous substance (CDS) is located.

As the majority concedes, the canister[1] involved in this case is drug paraphernalia within the meaning of Article 27, § 287A(a). The possession or use of that paraphernalia is not the "same offense" as possession with the intent to distribute a CDS because each offense requires proof of an element that the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Snowden v. State*, 321 Md. 612, 616–17, 583 A.2d 1056 (1991).

If this case is viewed as one involving the "unit of prosecution" intended by the legislature, I believe it is more closely akin to *Cunningham v. State*, 318 Md. 182, 567 A.2d 126 (1989) (simultaneous possession of heroin and cocaine justified separate convictions and penalties) and *Randall Book Corp. v. State*, 316 Md. 315, 558 A.2d 715 (1989) (simultaneous display for sale of 116 different pornographic magazines supports 116 convictions and sentences) than to *State v. Owens*, 320 Md. 682, 579 A.2d 766 (1990)

---

**1.** The container is referred to in the transcript as a "black vial." It is a small canister made of black, opaque plastic, with a snap-on plastic top. It is identical to, or may in fact be, a film canister for 35 millimeter film. These film canisters, or "cans" have long been containers of choice for certain contraband drugs. In the case of crack cocaine, small plastic or glass vials of the type used for perfume samples enjoy popularity as containers for street sales to users. For purposes of clarity, I refer to the container in this case as a canister.

(possession of marijuana and phencyclidine not separate offenses when the two substances are for all practical purposes irrevocably joined as one).

Determining the correct unit of prosecution is largely a matter of divining the legislative intent. In this instance, the legislature has made its intent indelibly clear—the use of this container to store, contain, or conceal a CDS is a crime. Art. 27, § 287A(c) provides, in pertinent part:

> It is unlawful for any person to use ... drug paraphernalia to ... store, contain or conceal a controlled dangerous substance in violation of this subheading.

Section 287A(a) defines drug paraphernalia to include

> all equipment, products, and materials of any kind which are used ... in ... storing, containing, [or] concealing ... a controlled dangerous substance in violation of this subheading.

Contrary to the majority's belief that the legislature could not have intended that a container actually used to store a CDS be considered drug paraphernalia, the legislature spoke directly to the question, and said that was precisely what it meant.

The majority is concerned with a result that it considers illogical and unreasonable. I consider it no more logical or reasonable to hold, as the majority does, that a defendant may be convicted of possession of CDS and possession of paraphernalia when a container with trace amounts of CDS is found next to the CDS that has just been poured from it, but cannot be convicted of both offenses when the CDS is found in the container.

I may personally agree that charging a person with the use of paraphernalia under the circumstances of the instant case may be overkill, somewhat akin to adding to a murder indictment a charge of violating a county ordinance by discharging a firearm in an urban area when the defendant shoots his victim in a public place. That problem, however, is ordinarily avoided by the use of prosecutorial discretion, or alleviated, as here, by sound judicial discretion in sen-

tencing. In any event, when the legislature has specifically spoken on the subject, the personal view of a judge is of no moment. I would affirm the judgment of the Court of Special Appeals.

KARWACKI, J., joins in this dissent.