Dear Senator Hollinger:
You have requested our opinion whether acupuncturists are entitled to reimbursement from insurers for their services based upon their status as licensees under the Maryland Acupuncture Act of 1994, Title 1A of the Health Occupations ("HO") Article, Maryland Code. In other words, do licensed acupuncturists now have the same right to reimbursement as physicians who perform acupuncture? In addition, you asked whether licensed acupuncturists are entitled to reimbursement under the Comprehensive Standard Health Benefit Plan established pursuant to Subtitle 55 of Article 48A, the Insurance Code.
Our opinion is as follows: Under the Maryland Acupuncture Act, a part of the Health Occupations Article, acupuncturists are now fully and independently licensed health care providers. Accordingly, they are entitled to reimbursement by insurance companies for any medically necessary service rendered within the lawful scope of their licensed practice. Insurers may not deny reimbursement to acupuncturists based simply on their status and may not enforce policy provisions that purport to limit reimbursement to physicians only. However, the General Assembly has not identified acupuncture as a mandated benefit; therefore, health insurance policies are not required to cover acupuncture services.
As to the Comprehensive Standard Health Benefit Plan, acupuncture is a covered service. Therefore, if acupuncture services are provided pursuant to a small group policy, the insurer may not deny reimbursement to licensed acupuncturists.
 I Entitlement to Reimbursement
In Chapter 578 of the Laws of Maryland 1979, the General Assembly provided that whenever an insurance policy provided "for reimbursement for any service which is within the lawful scope of practice of a duly licensed care provider, the insured . . . shall be entitled to reimbursement for such service." In Chapter 522 of the Laws of Maryland 1984, this basic provision was extended to cover all types of health insurance policies, including group and individual policies and policies issued by nonprofit health service plans. The law, as it now stands, provides that:
 [W]henever such policy, contract, or certificate provides for reimbursement for any service which is within the lawful scope of practice of a health care provider duly licensed under the Health Occupations Article, the insured, or any other person covered by, or entitled to reimbursement under, the policy, contract, or certificate, shall be entitled to reimbursement for such service.
Article 48A, § 470U(a). See also Article 48A, §§ 354Z and 490A-1.
Thus, under the Insurance Code, all medical providers who are licensed under the Health Occupations Article and provide a service within the lawful scope of their practice are entitled to be reimbursed by insurers for that service. A health insurance company may not reserve payment only for chosen categories of providers. To take but one example, licensed clinical social workers provide psychotherapy for mental disorders. HO § 19-101(f). Because their scope of practice extends to this service, these social workers are entitled to reimbursement for providing psychotherapy. Under the Insurance Code, reimbursement may not be denied by a health insurer solely because the treatment was performed by a social worker instead of a psychiatrist.
In short, if the General Assembly has determined that a licensed health care provider is able to perform a given service, an insurer may not deny reimbursement for that service based on the licensing status of the provider.
 II The Maryland Acupuncture Act
Acupuncture is a "form of health care, based on a theory of energetic physiology, that describes the interrelationship of the body organs or functions with an associated point or combination of points." HO § 1A-101(b). The practice of acupuncture includes stimulation of points of the body by the insertion of needles, the application of moxibustion (a form of heat therapy), and "[m]anual, mechanical, thermal, or electrical therapies only when performed in accordance with the principles of oriental acupuncture medical theories." HO § 1A-101(e)(2).
In 1994, the Legislature adopted the Maryland Acupuncture Act, HO Title 1A. This Act created the State Acupuncture Board ("Board") in the Department of Health and Mental Hygiene to oversee the practice of acupuncture.
Prior to 1994, acupuncturists were registered, not licensed.See former HO § 14-506. Acupuncturists were not considered to be independent health care providers but could perform acupuncture "only under the general supervision of a licensed physician." Id. They were regulated in conjunction with physicians by the Board of Physician Quality Assurance. Because acupuncturists were not fully licensed health care providers, insurers were entitled to, and apparently did, routinely deny reimbursement for services rendered by nonphysician acupuncturists.
In 1994, two companion bills, House Bill 967 and Senate Bill 78, were introduced in the General Assembly to address the licensing status of acupuncturists. House Bill 967 eventually passed and became HO Title 1A, the Maryland Acupuncture Act. This Act specifically required individuals who perform acupuncture to be licensed by the State Acupuncture Board. HO § 1A-301.[1]
As a result, acupuncturists now meet the precise terms of the pertinent sections of the Insurance Code, which require reimbursement to a "health care provider duly licensed under the Health Occupations Article." See, Article 48A, §§ 354Z, 470U and 490A-1. Based on this language alone, we would conclude that acupuncturists meet the reimbursement standards of the Insurance Code.
The legislative history of the Act confirms this conclusion and discloses an unmistakable intent to grant acupuncturists full, independent licensing status. The Senate Economic and Environmental Affairs Committee explained the concept of the bill as follows:
 The practice of acupuncture has evolved since 1982 when it was assigned to the medical board for oversight. Patients now better understand what acupuncture is and physicians are evidencing greater acceptance of acupuncture as an effective treatment modality. Experience has shown that continued general supervision of acupuncture treatments by a physician is unnecessary.
Senate Bill 78 of 1994, Bill Analysis. The House Environmental Matters Committee had a similar view of the general purpose of the bill:
 Bill Rationale: Acupuncture has come to be accepted by physicians and patients alike as an effective treatment method. This discipline does not require physician oversight, and will be better served by individuals who have expertise in acupuncture.
House Bill 967 of 1994, Bill Summary.
The clear purpose and effect of the Acupuncture Act was to recognize licensed acupuncturists as fully capable of performing acupuncture without physician oversight. Accordingly, the Act created an independent board of experts in the field to regulate the activities of licensed acupuncturists and to determine which practitioners meet the statutory licensing standards.[2] The creation of this licensing board under the Health Occupations Article and the removal of acupuncturists from the supervision of physicians clearly demonstrate that it is now unlawful under the Insurance Code for an insurer to deny reimbursement to an acupuncturist based on that individual's licensure status.
In sum, HO § 1A-201 establishes the State Acupuncture Board to issue licenses to practice acupuncture. HO § 1A-305 defines the scope of the license that authorizes the licensee to practice acupuncture. As a result, the Maryland Insurance Code requires reimbursement to licensed acupuncturists for medically necessary services rendered within the scope of their license. Article 48A, §§ 354Z, 470U, and 490A-1. Reimbursement may not be limited to physician acupuncturists because of the insurer's preference for practitioners with a medical degree. Insurance policy terms to the contrary are unenforceable.
 III Scope of Mandated Benefit Provisions
The sections of the Insurance Code that require reimbursement for services rendered by a licensed acupuncturist apply only if the insurance policy itself "provides for reimbursement" for the service. See Article 48A, §§ 354Z, 470U, 490A-1. For the reasons set forth in Parts I and II above, if a policy "provides for reimbursement" for acupuncture, then the Insurance Code would prohibit an insurer from limiting reimbursement to physician acupuncturists. However, in creating the State Acupuncture Board, the General Assembly did not make acupuncture a separate mandated benefit.
Article 48A, § 490M defines mandated benefit as a "statute that requires a particular health care service, benefit, coverage, or reimbursement for covered health care services to be provided or offered in a health insurance policy or contract issued or delivered in the State by a non-profit health service plan or by a commercial insurer." Throughout the Insurance Code, the Legislature has required health insurers to cover many different types of mandated benefits. See, e.g., Article 48A, §§ 470E (treatment of mental illness), 470M (services of a nurse midwife), 470Q (hospice care services), 470T (services of a nurse anesthetist), and 354Q (benefits for prosthetic devices). Acupuncture services are not included in the Insurance Code as a mandated benefit. Therefore, insurance policies are not required to specifically cover acupuncture service.
Unless acupuncture is specifically excluded, however, reimbursement nevertheless would be required where acupuncture is performed to treat a condition for which recognized treatments are generally covered by the policy. Acupuncture is considered to be a legitimate medical treatment for a number of different conditions. If acupuncture is performed as a medically necessary treatment for one of these conditions, reimbursement could not be denied simply because the service was not performed by a physician.
 IV Comprehensive Standard Benefit Plan
Article 48A, § 700 directs the Maryland Health Care Access and Cost Commission to adopt regulations specifying the benefits that must be included in the comprehensive standard benefit plan for the small group market. These regulations have been adopted at COMAR 09.31.05.03. Under these regulations, the term "covered services" includes many different benefits — for example, chiropractic services, hospice care services, durable medical equipment, and numerous other benefits. Acupuncture is not specifically listed either as a covered benefit or as an excluded benefit. See COMAR 09.31.05.03 and 09.31.05.06.
In determining the meaning of these regulations, we apply the same analysis that is applicable to statutory construction. In ReVictor B., 336 Md. 85, 94, 646 A.2d 1012 (1994). Where the statute, or in this case the regulation, does not readily supply the answer, we examine the context in which the regulation was adopted and the history of the regulation. Dickerson v. State,324 Md. 163, 172, 596 A.2d 648 (1991); Kaczorowski v. City ofBaltimore, 309 Md. 505, 515, 525 A.2d 628 (1987).
The regulatory history in this case indicates that when the Comprehensive Standard Benefit Plan was originally proposed, acupuncture was not listed as a covered service. The Commission solicited comments on the proposed Comprehensive Standard Benefit Plan and did receive comments objecting to the perceived intention to exclude acupuncture from the Plan. The Commission's staff reported:
 Staff recommends no change in the regulations. Although acupuncture services are not specifically addressed in the regulations, the regulations cover care in medical offices for treatment of illness or injury as well as mental health and substance abuse services through a managed care system. Thus, to the extent that medically necessary acupuncture was performed by a licensed health care practitioner, it would be covered.
Report to the Health Care Access and Cost Commission at 2. The Commission then adopted the regulations without specifically referring to acupuncture.
It is apparent that the Commission intended medically necessary acupuncture to be a covered service under the general provisions covering medical office visits. Accordingly, reading this regulation to effectuate the Commission's intent, we conclude that medically necessary acupuncture is a covered service and is therefore compensable under the Comprehensive Standard Benefit Plan.
We would also note that acupuncture could be specifically offered pursuant to COMAR 09.31.05.07, "Additional Benefits," at the discretion of the carrier through individual negotiations with the employers. In any case, if acupuncture is offered as an additional benefit or is performed under the general provisions of the Comprehensive Standard Benefit Plan, then of course licensed acupuncturists would be entitled to reimbursement under the Insurance Code.
 V Conclusion
In summary, it is our opinion that:
1. By virtue of the Maryland Acupuncture Act, acupuncturists are entitled to be reimbursed for acupuncture services performed by them in accordance with their license.
2. If an insurance policy covers acupuncture benefits, insurers may not limit reimbursement to physician acupuncturists or otherwise deny reimbursement to licensed acupuncturists based on their licensure status.
3. Under the Insurance Code, acupuncture is not a mandated benefit for insurance policies generally. Insurers are therefore not required to offer acupuncture benefits.
4. Acupuncture is a covered service under the Comprehensive Standard Health Benefit Plan for the small group employer market, and acupuncture services performed by licensed acupuncturists are reimbursable.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Dennis W. Carroll Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
[1] Other licensees who perform acupuncture — physicians, dentists, and veterinarians — are exempt from obtaining a license from the Acupuncture Board. See HO § 1A-102.
[2] The Board also has disciplinary authority over licensed acupuncturists. See HO § 1A-309.
 *Page 89